**JORDAN, LYNCH & CANCIENNE PLLC**
Michael Cancienne (SBN 24055256)
Joseph W. Golinkin II (SBN 24087596)
1980 Post Oak Blvd., Ste. 2300
Houston, Texas 77056
Telephone: 713.955.4028

*Counsel for Steven Zakharyayev*
*And Evelina Pinkhasova*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SCOTT M. SEIDEL, TRUSTEE; and GNET ATC, LLC<br><br>*Plaintiffs,*<br>v.<br>18920 N 11th, LLC; JAMES GOODMAN; JAMES FRINZI; STEVEN ZAKHARYAYEV; EVELINA PINKHASOVA; PEOPLE NQ INC.; JJC & PEOPLE LLC; GDMN FAMILY INVESTMENTS 2, LLC,<br><br>*Defendants.* | Case No. 22-31641-mvl-7<br><br><br><br><br>Adversary Proceeding No. 23-3072-mvl |

## DEFENDANTS STEVEN ZAKHARYAYEV AND EVELINA PINKASHOVA'S MOTION TO DISMISS

Defendants Steven Zakharyayev and Evelina Pinkhasova ("the Individual Defendants") file this Motion to Dismiss the claims against them in Plaintiffs Scott Seidel, the Trustee, and GNET ATC, LLC's (together, "the Trustee") Original Complaint, pursuant to Rules 9 and 12 of the Federal Rules of Civil Procedure.

I. SUMMARY OF ARGUMENT

The Trustee's allegations arise out of two transactions. 18920 NW11th, LLC ("18920") purchased preferred shares of Goodman Networks from entities controlled by its former owner, James Goodman. Upon acquiring those shares, 18920 invoked its mandatory right of redemption and demanded that Goodman Networks buy back its preferred shares. Goodman Networks obliged, and the parties subsequently settled Goodman Networks' debt to 18290 for a steep discount. Despite this, the Trustee seeks to claw back the money it paid to 18920 because it claims Goodman Networks did not have to redeem 18920's shares. But the Trustee does not stop there. It also seeks to hold the Individual Defendants liable for the damages caused by its then CEO—James Frinzi's—alleged breaches of fiduciary duty, and further alleges Pinkhasova (aided and abetted by Zakharyayev) defrauded Goodman Networks by invoking 18920's right to mandatory redemption of its shares.

The Trustee's claims against the Individual Defendants are not viable and should be dismissed. To prevail on its civil conspiracy and fraud claims, the Trustee must establish that Pinkhasova made a *material* representation on which James Frinzi *reasonably* relied. The Trustee's own Complaint, however, expressly alleges that Frinzi's reliance on the Individual Defendants' representations *was not reasonable*. Additionally, "aiding and abetting" is not a cause of action recognized by the Fifth Circuit or courts within this district. For these reasons, the Court should dismiss all the Trustee's claims against the Individual Defendants.

## II. FACTUAL BACKGROUND

On March 9, 2022, 18920 purchased 3,407,076 Series A-1 preferred shares in Goodman Networks from three companies[1] controlled by Defendant James Goodman for $10,000,000.[2] Goodman was, at one point, the controlling shareholder and CEO of Goodman Networks, but was removed after he lost control of the company.

The next day, 18920 wrote to Goodman Networks and asked it to redeem its shares. (ECF 1 at ¶ 49.) Goodman Network's then-management recognized 18920's right to mandatory redemption, and negotiated a Promissory Note ("the Promissory Note") in which Goodman Networks promised to pay $50,000,000 to 18920. (*Id.* at ¶ 50.) Soon after, 18920 agreed to release Goodman Network from its obligations under the Promissory Note in exchange for $14,500,000 and the transfer of certain assets (including certain Trademarks and rights under a licensing agreement with Tiger Athletic Foundation). (*Id.* at ¶ 53.) Goodman Networks also agreed to assign half of its interest in a $44 million promissory note with third party AMRR[3] to 18920 and transfer its interest in a $4.5

---

[1] GDMN Family Investments 2, LLC; JJC & People LLC; and People NQ, LLC.

[2] Preferred A-1 shares in Goodman Networks were subject to a Mandatory Redemption Provision which obligated Goodman Networks to purchase buy back these shares at a contractually agreed upon price upon a demand by the owner of the shares.

[3] CEO James Frinzi borrowed $44,000,000 from GNET to purchase American Metal Recovery Inc. Frinzi gave GNET a $44,000,000 promissory note.

million promissory note with a different third party to 18920.[4] (*Id.*) To date, Goodman Networks has only paid $13.2 million to 18920. (*Id.* at ¶ 57.)

Five months after the 18920 transaction, four of Goodman Networks' creditors[5] filed a Chapter 7 Involuntary Petition against Goodman Networks. On August 5, 2023, the Trustee filed the above captioned lawsuit. In it, he asserts fraudulent transfer claims (under both state and federal law) against 18920 and the Goodman Entities. The Trustee also claims that Goodman's former CEO, James Frinzi, violated fiduciary duties to the company by honoring 18920's request for mandatory redemption. Finally, the complaint alleges two claims against each of the Individual Defendants. In Count 7 of the complaint, the Trustee brings a claim for civil conspiracy against the Individual Defendant and James Goodman. In Count 8 of the complaint, the Trustee brings a claim for fraud solely one of the Individual Defendants, Evelina Pinkhasova. And in Count 9, the Trustee brings a claim for aiding and abetting solely against one of the Individual Defendants, Steven Zakharyayev. This motion seeks to dismiss the claims against the Individual Defendants found in Counts 7–9.

---

[4] GNET is the parent company for Multiband Field Services, Inc. ("MFS"). MFS is the holder of a secured promissory note, issued by Multiband Global Resources, LLC ("MGS") in the principal amount of $4,500,000. ("MFS Note").

[5] SJLP Credit Opportunity Master Fund Ltd.; JLP Credit Opportunity IDF Series Interests of the SALI Multi-Series Fund, L.P.; JLP Institutional Credit Master Fund LP; and Alimco Re Ltd.

4

### III.   APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a complaint for the "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). In deciding a Rule 12(b)(6) motion, the Court should "accept all well-pleaded facts as true, drawing all reasonable inferences in the nonmoving party's favor." *Benfield v. Magee*, 945 F.3d 333, 336 (5th Cir. 2019). The Court "do[es] not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Id.* at 336–37 (cleaned up).

Additionally, when—as here—a plaintiff's claims are grounded in fraud, plaintiff must satisfy the heightened pleading requirements of Rule 9(b). Rule 9(b)'s particularity requirement generally demands the complaint identify the "who, what, when, where, and how" of the allegedly fraudulent content. *See United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). Rule 9(b) sets a "high bar." *Colonial Oaks Assisted Living Lafayette, L.L.C. v. Hannie Dev., Inc.*, 972 F.3d 684, 694 (5th Cir. 2020). "Naked assertions devoid of

further factual enhancement will not suffice." *Sharifan v. NeoGenis Labs, Inc.*, No. 4:21-CV-01940, 2022 WL 3567010, at *5 (S.D. Tex. Aug. 18, 2022) (citing *In re Lindsey*, 733 F. App'x at 192.).

## IV. DISCUSSION

The Trustee's claims against the Individual Defendants fail because the Complaint's own allegations directly refute essential elements of its civil conspiracy (against both Individual Defendants) and the fraud (just against Pinkhasova) claims. Along the same lines, the Fifth Circuit and courts in this district have repeatedly held that "aiding and abetting" is not a viable cause of action. For these reasons, the Court should dismiss the Trustee's claims against the Individual Defendants.

### A. The Trustee's Civil Conspiracy Claim Against The Individual Defendants Contradicts The Complaint's Factual Allegations.

"Civil conspiracy is a derivative tort; therefore, liability for a civil conspiracy depends on *participation in an underlying tort*." *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 402 (5th Cir. 2013). Here, the Trustee alleges that the Individual Defendants conspired with Goodman to "cause Frinzi to breach his fiduciary duties based on false, misleading, concealed, and fraudulent claims and demands."[6] (ECF 1 at ¶ 127.) The Trustee does not specify what tort the Individual Defendants supposedly conspired to commit. That said, the Complaint seems to

---

[6] The Trustee alleges that Pinkhasova "fraudulently asserted such a mandatory redemption obligation in writing an on account of shares that 18920 did not even own" and that Zakharyayev "entered into subsequent negotiations and documents with Frinzi to cause Frinzi to transfer the Cash Transfers and the Transferred Assets." (ECF 1 at ¶ 128.) The Individual Defendants cannot locate any authority that supports this imputation, and it is dubious that such knowledge can support a viable fraud claim.

6

allege that the Individual Defendants (and Goodman) conspired to fraudulently induce Frinzi into breaching his fiduciary duties by "fraudulently assert[ing] such a mandatory redemption obligation in writing an on account of shares that 18920 did not even own" (Pinkhasova) and entering into "subsequent negotiations and documents with Frinzi to cause Frinzi to transfer the Cash Transfers and the Transferred Assets" (Zakharyayev). (ECF 1 at ¶ 128.) Thus, the Trustee's conspiracy claim fails unless it pleads all the elements of a conspiracy claim *and* all the elements of the underlying fraudulent inducement claim. *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 579 (S.D. Tex. 2011).

To state a claim for fraudulent inducement, the Trustee must (among other things) allege that Frinzi *reasonably* relied on a *material* representation made by the Individual Defendants. The Fifth Circuit has held that a representation is material only if "if a *reasonable* person would attach importance to and be induced to act on the information." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1033 (5th Cir. 2010) (emphasis added); *see also Transcor Astra Grp. S.A. v. Petrobras Am. Inc.*, 650 S.W.3d 462, 473 (Tex. 2022) (plaintiff "must prove that it reasonably relied on the other party's misrepresentations to its detriment.").

The Trustee's own Complaint establishes that its conspiracy claim is "implausible own its face" because it expressly alleges that Frinzi's conduct was not reasonable. *Mora v. Univ. of Tex. Sw. Med. Ctr.*, 469 F. App'x' 295, 299 (5th Cir. 2012) (plaintiff's allegation that she was retaliated against after complaining about

7

defendant's unwillingness to accommodate her disability was "contradicted by the other facts alleged in the complaint, making the claim implausible on its face"). In its Complaint, the Trustee explicitly asserts that "no reasonably prudent officer would transfer tens of millions of desperately needed assets without significant due diligence." (ECF 1 at ¶ 116.) In the same breath, the Complaint alleges that Frinzi transferred those tens of millions of dollars without (1) undertaking "any investigation or [performing any] analysis as to whether there was an obligation for the Debtor to redeem the Transaction Shares"; (2) "seek[ing] legal counsel regarding the redemption demand by 18920; or (3) review[ing] the operative corporate documents that would have addressed any potential redemption obligation of [Goodman Networks]." (ECF 1 at ¶¶ 65-66.)[7]

In sum, the Trustee's own allegations preclude the Trustee from proving that the Individual Defendants made a material representation, or that Frinzi reasonably relied on that representation. Therefore, this Court should dismiss the Trustee's conspiracy claim against the Individual Defendants. *Liggins v. City of Duncanville, Texas*, No. 3:20-CV-654-S, 2022 WL 198406, at *4 (N.D. Tex. Jan. 21, 2022) (dismissing claim because it was contradicted by other facts in plaintiff's complaint); *Slott v. Specialized Loan Servicing, LLC*, No. CV H-21-4170,

---

[7] In fact, the Trustee periodically alleges that Frinzi did not rely on the Individual Defendants' Representations *at all*. For instance, the Trustee alleges that Frinzi actually "identified Zakharyayev to be the third party to purchase a negotiated amount of the Series A-1 Preferred Stock." (ECF 1 at 40.) The Trustee also suggests that the content of the Individual Defendants' so-called representations was beside the point, arguing that Frinzi "simply took Goodman at his word, motivated by his desire to get his boss and majority shareholder money, even if it came at the expense of [Goodman Networks]." (*Id.*)

8

2022 WL 2392314, at *5 (S.D. Tex. July 1, 2022) (same); *Cicalese v. Univ. of Tex. Med. Branch*, 456 F. Supp. 3d 859, 866 (S.D. Tex. 2020) (same).

### B. The Trustee Has Not Stated A Fraud Claim Against Pinkashova.

The Trustee next alleges Pinkhasova committed fraud by sending a one paragraph letter to Goodman Networks in which she states, "as you know, the Preferred Shares are subject to mandatory redemptions as their liquidation value on a quarterly basis."[8] (ECF 1 at ¶ 49.)

The Trustee's fraud claim fails for the same reasons that defeat his conspiracy claim. To state a claim for fraud, the Trustee must plead that Pinkashova made a material misrepresentation and that Frinzi justifiably or reasonably relied on the representation. *CBE Grp., Inc. v. Lexington L. Firm*, 993 F.3d 346, 350 (5th Cir. 2021). As discussed above, and as incorporated by reference here, the Trustee's allegations contradict each of these essential elements. As a result, the Court should dismiss the Trustee's fraud claim against Pinkhasova. *Liggins*, 2022 WL 198406, at *4; *Slott*, 2022 WL 2392314, at *5; *Mora*, 469 F. App'x' at 299; *Cicalese*, 456 F. Supp. 3d at 866.

### C. "Aiding And Abetting" Is Not A Cause Of Action.

Finally, the Trustee attempts to hold Zakharyayev liable for "aiding and abetting" by assisting his wife to draft and send the Redemption Letter on

---

[8] Although the Trustee purports to sue Pinkhasova for fraud, Plaintiff does not allege that she had personal knowledge that any of the representations contained in the redemption letter were false. (ECF 1 at ¶ 144.) Instead, it maintains that "the knowledge of her husband and 18920 is being imputed to her to the extent she lacked personal knowledge, or her own knowledge that had not paid for, and therefore did not own, the Transaction Shares." (*Id*. at ¶ 134.)

9

behalf of 18920. But both the Fifth Circuit and courts in this district have held that no such cause of action exists. *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 782 (5th Cir. 2018) (granting judgment as a matter of law to defendant on plaintiff's aiding and abetting claim "because no such claim exists in Texas."); *Cruden Bay Holdings, LLC v. Jezierski*, No. 3:21-CV-01170-E, 2022 WL 447080, at *5 (N.D. Tex. Feb. 14, 2022) (dismissing aiding and abetting claim because no such claim exists). Moreover, it cannot stand when the complaint fails to allege facts to support the underlying claim of fraud that Zakharyayev allegedly "aided and abetted." This claim is meritless and should be dismissed.

## V.     CONCLUSION

In sum, the Trustee has not asserted any viable claim against either of the Individual Defendants. For that reason, the Court should dismiss Counts 7-9 of the Trustee's Original Complaint in their entirety.

10

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

By: *s/ Jeb Golinkin*
Michael Cancienne
State Bar No. 24046330
Joseph ("Jeb") W. Golinkin II
State Bar No. 24087596
1980 Post Oak Blvd., Ste. 2300
Houston, Texas 77056
713-955-4020 (Telephone)
713-955-9644 (Fax)
mcancienne@jlcfirm.com
jgolinkin@jlcfirm.com

ATTORNEYS FOR STEVEN ZAKHARYAYEV AND EVELINA PINKASHOVA

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of September, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all counsel of record in this case.

*/s/ Jeb Golinkin*
Joseph W. Golinkin II