**IN THE UNITED STATES BANKRUPCTY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-31641-mv-7 |
| GOODMAN NETWORKS, INC. | § | |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| SCOTT M. SIEDEL, TRUSTEE; and GNET | § | |
| ATC, LLC; | § | |
| | § | ADVERSARY PROCEEDING |
| Plaintiff(s), | § | NO: 23-03072-mvl |
| | § | |
| v. | § | |
| | § | |
| 18920 NW 11th, LLC; JAMES | § | |
| GOODMAN; JAMES FRINZI; STEVEN | § | |
| ZAKHARYAYEV; EVELINA | § | |
| PINKHASOVA; PEOPLE NQ INC.; JJC & | § | |
| PEOPLE LLC; GDMN FAMILY | § | |
| INVESTMENTS 2, LLC, | § | |
| | § | |
| Defendant(s). | § | |

**<u>DEFENDANT JAMES FRINZI'S ANSWER TO ORIGINAL COMPLAINT</u>**

Defendant James Frinzi ("Frinzi" or "Defendant"), by and through his attorneys, files this

Answer to the Original Complaint ("Complaint") (Doc. 1) filed in the above-captioned adversary

proceeding by Scott M. Seidel, Chapter 7 Trustee ("Trustee") and GNET ATC, LLC ("GNET

ATC") of the bankruptcy estate of Goodman Networks, Inc. ("Debtor"). In support thereof,

Defendant answers each of the numbered paragraphs in the Original Complaint with the

corresponding subpart titles and paragraph numbers below.[1]

---

[1] The second section ("Procedural Background") and the third section ("Parties") of Plaintiffs' Complaint are both labeled "II." This answer uses sequential numerals but otherwise corresponds to the titles and numbering used in the Complaint.

## I.      <u>INTRODUCTION</u>

1.      Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1.

2.      Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2.

3.      Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 3.

4.      Defendant admits Paragraph 4 states the relief sought by Plaintiffs but denies Plaintiffs are entitled to such relief.

## II.      <u>PROCEDURAL BACKGROUND</u>

5.      Paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 5.

6.      Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 6.

7.      Paragraph 7 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 7.

8.      Paragraph 8 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 8 of the Complaint, does not consent to the conduct of the trial by the bankruptcy judge, and denies Plaintiffs are entitled to a final judgment in their favor.

9.      Paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 9.

### III.    **PARTIES**

10.      Paragraph 10 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits the Trustee asserts claims in the capacity of Trustee. Defendant denies the Trustee has standing to sue for the non-debtor entity plaintiff.

11.      Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 11 of the Complaint.

12.      Paragraph 12 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint; therefore, Defendant denies same.

13.      Paragraph 13 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint; therefore, Defendant denies same.

14.      Defendant admits the allegations in Paragraph 14 of the Complaint.

15.      Paragraph 15 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint; therefore, Defendant denies same.

16.      Paragraph 16 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge sufficient to form a

3

belief about the truth of the allegations in Paragraph 16 of the Complaint; therefore, Defendant denies same.

17.      Paragraph 17 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint; therefore, Defendant denies same.

18.      Paragraph 18 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint; therefore, Defendant denies same.

19.      Paragraph 19 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint; therefore, Defendant denies same.

## IV.    FACTS

### A. THE PLAYERS

20.      Defendant admits the allegations in Paragraph 20 of the Complaint only insofar as he admits he served as Chief Executive Officer. The remaining allegations in Paragraph 20 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 20 of the Complaint.

21.      Defendant admits the allegations in Paragraph 21 of the Complaint only insofar as he admits he served as Chief Executive Officer. The remaining allegations in Paragraph 21 of the Complaint contain legal conclusions to which no response is required. To the extent a response is

required, Defendant denies the remaining allegations in Paragraph 21 of the Complaint.

22.     Defendant admits the allegations in Paragraph 22 of the Complaint.

23.     Paragraph 23 contains legal conclusions to which no response is required. To the
extent a response is required, Defendant admits the allegations in Paragraph 23 of the Complaint
that Frinzi was under the control, and acted at the direction of, Goodman. Defendant otherwise
lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 24 of
the Complaint; therefore, Defendant denies same.

24.     Defendant lacks knowledge sufficient to form a belief about the truth of the
allegations in Paragraph 24 of the Complaint; therefore, Defendant denies same.

25.     Defendant lacks knowledge sufficient to form a belief about the truth of the
allegations in Paragraph 25 of the Complaint; therefore, Defendant denies same.

26.     Defendant lacks knowledge sufficient to form a belief about the truth of the
allegations in Paragraph 26 of the Complaint; therefore, Defendant denies same.

27.     Defendant lacks knowledge sufficient to form a belief about the truth of the
allegations in Paragraph 27 of the Complaint; therefore, Defendant denies same.

28.     Paragraph 23 contains legal conclusions to which no response is required. To the
extent a response is required, Defendant admits the allegations in Paragraph 28 of the Complaint
that GDMN is controlled by Goodman and that John and James Goodman are brothers. Defendant
otherwise lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph
24 of the Complaint; therefore, Defendant denies same.

29.     Defendant admits Zakharyayez is an attorney. Defendant lacks knowledge
sufficient to form a belief about the truth of the remaining allegations in Paragraph 29 of the
Complaint; therefore, Defendant denies same.

30.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint; therefore, Defendant denies same.

**B.   THE DEBTOR**

31.     Defendant denies the allegations in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations in Paragraph 32 of the Complaint.

33.     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint; therefore, Defendant denies same.

34.     The documents referenced in Paragraph 34 of the Complaint speak for themselves, and Defendant denies any and all allegations in Paragraph 34 inconsistent with the terms of the documents referenced therein.[2] [3]

35.     Defendant denies the allegations in Paragraph 35 of the Complaint.

36.     The documents referenced in Paragraph 36 of the Complaint speak for themselves, and Defendant denies any and all allegations in Paragraph 36 inconsistent with the terms of the documents referenced therein. The remaining allegations in Paragraph 36 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 36 of the Complaint.

37.     The documents referenced in Paragraph 37 of the Complaint speak for themselves, and Defendant denies any and all allegations in Paragraph 37 inconsistent with the terms of the documents referenced therein. The remaining allegations in Paragraph 37 of the Complaint contain

---

[2] Footnote 1, referencing Paragraph 34 of the Complaint, contains legal conclusions to which no response is required. To the extent a response is required, the documents referenced in Paragraph 34 of the Complaint speak for themselves, and Defendant denies any and all allegations in Paragraph 34 inconsistent with the terms of the documents referenced therein. Defendant otherwise denies the allegations in footnote 1 of the Complaint.

[3] Footnote 2, referencing Paragraph 34 of the Complaint, contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits claims have been asserted against Frinzi and others in a separate proceeding, which Frinzi also denies. Defendant denies the remaining allegations in footnote 2 of the Complaint.

legal conclusions to which no response is required, and Defendant lacks knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 37 of the Complaint. To the extent a response is required, Defendant denies the allegations in Paragraph 37 of the Complaint.

38.    Defendant lacks knowledge sufficient to form a belief about the exact number of Series A-1 Preferred Stock shares owned by the Goodman entities; therefore Defendant denies the allegations in Paragraph 38 of the Complaint.

### C.    THE PLAN AND THE 18920 TRANSACTION

39.    Defendant denies the allegations in Paragraph 39 of the Complaint.

40.    Defendant admits the allegations in Paragraph 40 of the Complaint only insofar as Frinzi admits he proposed Goodman should generally sell some or all of the referenced stock, but Frinzi denies Paragraph 40 in that Frinzi did not originally propose the transaction or advise on any of the details for the transaction.

41.    Defendant denies the allegations in Paragraph 41 of the Complaint.

42.    Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint; therefore, Defendant denies same.

43.    The document referenced in Paragraph 43 of the Complaint speaks for itself, and Defendant denies any and all allegations in Paragraph 43 inconsistent with the terms of the document referenced therein.

44.    The document referenced in Paragraph 44 of the Complaint speaks for itself, and Defendant denies any and all allegations in Paragraph 44 inconsistent with the terms of the document referenced therein.

45.    The documents referenced in Paragraph 45 of the Complaint speaks for themselves, and Defendant denies any and all allegations in Paragraph 45 inconsistent with the terms of the

documents referenced therein.

46.    The documents referenced in Paragraph 46 of the Complaint speak for themselves, and Defendant denies any and all allegations in Paragraph 46 inconsistent with the terms of the documents referenced therein.

47.    The documents referenced in Paragraph 47 of the Complaint speak for themselves, and Defendant denies any and all allegations in Paragraph 47 inconsistent with the terms of the documents referenced therein. Defendant lacks knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 47 of the Complaint; therefore, Defendant denies same.

48.    The documents referenced in Paragraph 48 of the Complaint speak for themselves, and Defendant denies any and all allegations in Paragraph 48 inconsistent with the terms of the documents referenced therein. Defendant lacks knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 48 of the Complaint; therefore, Defendant denies same.

49.    The document referenced in Paragraph 49 of the Complaint speaks for itself, and Defendant denies any and all allegations in Paragraph 49 inconsistent with the terms of the document referenced therein. Defendant lacks knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 49 of the Complaint; therefore, Defendant denies same.

50.    Frinzi denies the allegation in Paragraph 50 of the Complaint that Frinzi lacked corporate authority to bind the Debtor, as Frinzi was acting at the direction and control of James Goodman. Frinzi lacks knowledge sufficient to form a belief about the details of the transaction referenced in Paragraph 50 and what documents the Trustee possesses; therefore, Defendant denies same.

51.     Frinzi denies the allegation in Paragraph 50 of the Complaint that Frinzi lacked corporate authority to bind the Debtor, as Frinzi was acting at the direction and control of James Goodman. Frinzi lacks knowledge sufficient to form a belief about the details of the agreement referenced in Paragraph 51 but admits the agreement generally exists.

52.      The document referenced in Paragraph 52 of the Complaint speaks for itself, and Defendant denies any and all allegations in Paragraph 52 inconsistent with the terms of the document referenced therein.

53.     The document referenced in Paragraph 53 of the Complaint speaks for itself, and Defendant denies any and all allegations in Paragraph 53 inconsistent with the terms of the document referenced therein.

54.     Defendant admits a transfer occurred, but Defendant lacks knowledge sufficient to form a belief about the specifics of the transfer alleged in Paragraph 54 of the Complaint; therefore Defendant denies the remaining allegations in Paragraph 54 of the Complaint.

55.     Defendant admits a transfer occurred, but Defendant lacks knowledge sufficient to form a belief about the specifics of the transfer alleged in Paragraph 55 of the Complaint; therefore Defendant denies the remaining allegations in Paragraph 55 of the Complaint.[4]

56.     Defendant admits a transfer occurred, but Defendant lacks knowledge sufficient to form a belief about the specifics of the transfer alleged in Paragraph 56 of the Complaint; therefore, Defendant denies the remaining allegations in Paragraph 56 of the Complaint.

57.     Defendant admits transfers occurred, but Defendant lacks knowledge sufficient to form a belief about the specifics of the transfers alleged in Paragraph 57 of the Complaint;

---

[4] Footnote 3, referencing Paragraph 55 of the Complaint, contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in footnote 3 of the Complaint.

therefore, Defendant denies the remaining allegations in Paragraph 57 of the Complaint.

58.    Defendant admits he executed documents facilitating the transfers referenced in Paragraph 58 of the Complaint but denies any allegation he did so in any capacity other than under the direction or control of James Goodman or that he "caused" the transfer to be made.

59.    The document referenced in Paragraph 59 of the Complaint speaks for itself, and Defendant denies any and all allegations in Paragraph 59 inconsistent with the terms of the document referenced therein.

60.    Defendant denies the allegations in Paragraph 60 of the Complaint.

61.    The document referenced in Paragraph 61 of the Complaint speaks for itself, and Defendant denies any and all allegations in Paragraph 61 inconsistent with the terms of the document referenced therein.

62.    Defendant lacks knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 62 of the Complaint; therefore, Defendant denies same, including any allegation Defendant committed or participated in any fraudulent conduct.

63.    Defendant lacks knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 63 of the Complaint; therefore, Defendant denies same.

64.    Defendant denies the allegations in Paragraph 64 of the Complaint.

**D. MOTIVES**

    **1. FRINZI**

65.    Defendant admits the allegations in Paragraph 65 to the extent Frinzi admits his actions were taken under the direction and insistence of, and upon information provided by, James Goodman. Except as expressly admitted, Frinzi denies the remaining allegations in Paragraph 65.

66.    Defendant denies the allegations in Paragraph 66 of the Complaint.

### 2. GOODMAN

67.    Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 67 of the Complaint; therefore, Defendant denies same.

### 3. 18920, ZAKHARYAYEV AND PINKHASOVA

68.    Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 68 of the Complaint; therefore, Defendant denies same.

69.    Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 69 of the Complaint; therefore, Defendant denies same.

70.    The document referenced in Paragraph 70 of the Complaint speaks for itself, and Defendant denies any and all allegations in Paragraph 70 inconsistent with the terms of the document referenced therein.

71.    The document referenced in Paragraph 71 of the Complaint speaks for itself, and Defendant denies any and all allegations in Paragraph 71 inconsistent with the terms of the document referenced therein. Defendant lacks knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 71 of the Complaint; therefore, Defendant denies same.

72.    Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Complaint; therefore, Defendant denies same.

73.    Paragraph 73 of the Complaint contains legal conclusions to which no response is required, and Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 73 of the Complaint; therefore, Defendant denies same.

74.    The documents referenced in Paragraph 74 of the Complaint speaks for themselves, and Defendant denies any and all allegations in Paragraph 74 inconsistent with the terms of the documents referenced therein. Defendant lacks knowledge sufficient to form a belief about the

truth of the remaining allegations in Paragraph 74 of the Complaint; therefore, Defendant denies same.

75.    The documents referenced in Paragraph 75 of the Complaint speaks for themselves, and Defendant denies any and all allegations in Paragraph 75 inconsistent with the terms of the documents referenced therein. Defendant lacks knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 75 of the Complaint; therefore, Defendant denies same.

76.    Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 76 of the Complaint; therefore, Defendant denies same.

77.    Defendant denies the allegations in Paragraph 77 of the Complaint.

78.    The document referenced in Paragraph 78 of the Complaint speaks for itself, and Defendant denies any and all allegations in Paragraph 78 inconsistent with the terms of the document referenced therein.

79.    Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 79 of the Complaint; therefore, Defendant denies same.

80.    Defendant denies the allegations in Paragraph 80 of the Complaint.

81.    Defendant denies the allegations in Paragraph 81 of the Complaint.

## V.    CAUSES OF ACTION

## COUNT 1: BANKRUPTCY CODE FRAUDULENT TRANSFER (18920 AND GOODMAN ENTITIES)

82.    Defendant incorporates his responses above.

83.    Paragraph 83 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 83 of the Complaint.

84.    Paragraph 84 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 84 of the Complaint.

85.    Paragraph 85 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 85 of the Complaint.

86.    Paragraph 86 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 86 of the Complaint.

87.    Paragraph 87 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 87 of the Complaint.

88.    Paragraph 88 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 88 of the Complaint.

**COUNT 2: TUFTA FRAUDULENT TRANSFER (18920 AND GOODMAN ENTITIES)**

89.    Defendant incorporates his responses above.

90.    Paragraph 90 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 90 of the Complaint.

91.    Paragraph 91 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 91 of the Complaint.

92.     Paragraph 92 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 92 of the Complaint.

93.     Paragraph 93 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 93 of the Complaint.

94.     Paragraph 94 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 94 of the Complaint.

95.     Paragraph 95 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 95 of the Complaint.

96.     Paragraph 96 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 96 of the Complaint.

97.     Paragraph 97 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 97 of the Complaint.

98.     Paragraph 98 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 98 of the Complaint.

**COUNT 3: TUFTA FRAUDULENT TRANSFER (GNET V. 18920 AND GOODMAN ENTITIES)**

99.     Defendant incorporates his responses above.

100.     Paragraph 100 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 100 of the Complaint.

101.     Paragraph 101 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 101 of the Complaint.

102.     Paragraph 102 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 102 of the Complaint.

103.     Paragraph 103 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 103 of the Complaint.

104.     Paragraph 104 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 104 of the Complaint.

105.     Paragraph 105 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 105 of the Complaint.

106.     Paragraph 106 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 106 of the Complaint.

## COUNT 4: RECOVERY OF AVOIDED TRANSFERS

107.     Defendant incorporates his responses above.

108.     Paragraph 108 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 108 of the Complaint.

109.     Paragraph 109 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 109 of the Complaint.

110.     Paragraph 110 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 110 of the Complaint.

111.     Paragraph 111 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 111 of the Complaint.

112.     Paragraph 112 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 112 of the Complaint.

**COUNT 5: BREACH OF FIDUCIARY DUTY (TRUSTEE V. FRINZI)**[5]

113.     Defendant incorporates his responses above.

114.     Paragraph 114 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 114 of the Complaint.

---

[5] Frinzi denies any other claims and causes of actions asserted against Frinzi, as referenced in footnote 5 of the Complaint.

115.    Paragraph 115 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 115 of the Complaint.

116.    Paragraph 116 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 116 of the Complaint.

117.    Paragraph 117 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 117 of the Complaint.

118.    Paragraph 118 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 118 of the Complaint.

**COUNT 6: BREACH OF FIDUCIARY DUTY (GNET V. FRINZI)**

119.    Defendant incorporates his responses above.

120.    Paragraph 120 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 120 of the Complaint.

121.    Paragraph 121 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 121 of the Complaint.

122.    Paragraph 122 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 122 of the Complaint.

123.     Paragraph 123 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 123 of the Complaint.

**COUNT 7:** Conspiracy (Goodman, Zakharyayev and Pinkhasova)

124.     Defendant incorporates his responses above.

125.     Paragraph 125 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 125 of the Complaint.

126.     Paragraph 126 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 126 of the Complaint.

127.   Paragraph 127 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 127 of the Complaint.

128.   Paragraph 128 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 128 of the Complaint.

129.   Paragraph 129 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 129 of the Complaint.

130.   Paragraph 130 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 130 of the Complaint.

**COUNT 8**: FRAUD (PINKHASOVA)

131.    Defendant incorporates his responses above.

132.    Paragraph 132 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 132 of the Complaint.

133.    Paragraph 133 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 133 of the Complaint.

134.    Paragraph 134 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 134 of the Complaint.

135.    Paragraph 135 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 135 of the Complaint.

136.    Paragraph 136 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 136 of the Complaint.

137.    Paragraph 137 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 137 of the Complaint.

138.    Paragraph 138 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 138 of the Complaint.

139.    Paragraph 139 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 139 of the Complaint.

140.    Paragraph 140 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 140 of the Complaint.

**COUNT 9**: AIDING AND ABETTING (ZAKHARYAYEV)

141.    Defendant incorporates his responses above.

142.    Paragraph 142 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 142 of the Complaint.

143.    Paragraph 143 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 143 of the Complaint.

144.    Paragraph 144 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 144 of the Complaint.

145.    Paragraph 145 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 145 of the Complaint.

## VI.    **PRAYER**

Defendant denies Plaintiffs are entitled to the relief sought in the Prayer.

## AFFIRMATIVE DEFENSES

In further Answer to the Complaint, and by way of separate and individual defenses and affirmative defenses, Defendant alleges as follows:

1. Some or all of Plaintiffs' claims, damages, and/or requests for relief are barred, in whole or in part, because Plaintiffs' own fault or actions caused some or all of Plaintiffs' injury.

2. Some or all of Plaintiffs' claims, damages, and/or requests for relief are barred, in whole or in part, due to the business judgment rule.

3. Some or all of Plaintiffs' claims, damages, and/or requests for relief are barred, in whole or in part, due to estoppel, waiver, release, or ratification, in that Defendant's actions being complained of were affirmed and completed with the Debtor's knowledge, agreement, or acquiescence.

4. Some or all of Plaintiffs' claims, damages, and/or requests for relief are barred, in whole or in part by, or are subject to, setoff or recoupment.

## GENERAL DENIAL

To the extent Defendant has not answered any allegation within the Complaint, Defendant denies any and all such allegations.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend this Answer to correct or add defenses as further information regarding Plaintiffs' claims becomes available through the course of discovery or otherwise.

## RULE 7012 STATEMENT

Defendant does not consent to entry of final orders or judgment by the Bankruptcy Court.

## PRAYER

Defendant respectfully requests that all relief requested in Plaintiffs' Complaint be denied

and the Court enter judgment that Plaintiffs take nothing on their claims against Defendant.

Defendant further requests any other and further relief to which he may show himself entitled.

Dated: October 12, 2023                Respectfully submitted,

                                       */s/ Jason M. Rudd*
                                       Jason M. Rudd, Tex. Bar No. 24028786
                                       Paul T. Elkins, Tex. Bar No. 24092383
                                       **WICK PHILLIPS GOULD & MARTIN, LLP**
                                       3131 McKinney Avenue, Suite 500
                                       Dallas, TX 75204
                                       Phone: (214) 692-6200
                                       Fax: (214) 692-6255
                                       Email:  jason.rudd@wickphillips.com
                                               paul.elkins@wickphillips.com

                                       **COUNSEL FOR DEFENDANT JAMES
                                       FRINZI**

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2023, I electronically filed the foregoing with the clerk of the court using the CM/ECF system and have served a copy of the same to the following parties or their counsel via the method(s) indicated below:

| | | |
|---|---|---|
| Davor Rukavina | _____ | Hand Delivery |
| Thomas D. Berghman | _____ | Regular Mail |
| **MUNSCH HARDT KOPF & HARR, P.C.** | _____ | Facsimile |
| 3800 Ross Tower | _____ | E-mail |
| 500 N. Akard Street | __X__ | CM/ECF |
| Dallas, TX 75201 | | |

**Counsel for the Scott Seidel,
Chapter 7 Trustee**

*/s/ Jason M. Rudd*
Jason M. Rudd