**JORDAN, LYNCH & CANCIENNE PLLC**
Michael Cancienne (SBN 24055256)
Joseph W. Golinkin II (SBN 24087596)
1980 Post Oak Blvd., Ste. 2300
Houston, Texas 77056
Telephone: 713.955.4028

*Counsel for Steven Zakharyayev*
*And Evelina Pinkhasova*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SCOTT M. SEIDEL, TRUSTEE; and GNET ATC, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>18920 NW 11th, LLC; JAMES GOODMAN; JAMES FRINZI; STEVEN ZAKHARYAYEV; EVELINA PINKHASOVA; PEOPLE NQ INC.; JJC & PEOPLE LLC; GDMN FAMILY INVESTMENTS 2, LLC,<br><br>*Defendants.* | Case No. 22-31641-mvl-7<br><br><br><br>Adversary Proceeding No. 23-0372-mvl |

## DEFENDANTS STEVEN ZAKHARYAYEV AND EVELINA PINKASHOVA'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

As discussed previously, the Court should dismiss the Trustee's claims against the Individual Defendants because (1) the Trustee does not allege they conspired *with Frinzi* to breach Frinzi's fiduciary duties; (2) the Trustee's factual allegations contradict its assertion that Pinkhasova defrauded Goodman Networks; and (3) aiding and abetting is not a cause of action.

The Trustee does not fundamentally challenge the substance of the Individual Defendants' arguments, and even admits the Court should dismiss its aiding and abetting claim. Instead, the Trustee urges the Court to deny the Trustee's motion because pleading standards are liberal and motions to dismiss are disfavored. As discussed in more detail below, the Trustee misses the point: the Complaint's *detailed* factual allegations—which must be taken as true—defeat the Trustee's claims against the Individual Defendants.

### A. The Trustee failed to timely respond to the Individual Defendants' Motion to Dismiss.

L.B.R. 7007-1 (e) provides that "a response and brief to an opposed motion shall be filed within 21 days from the date the motion is filed." The Individual Defendants filed their Motion to Dismiss on September 22, 2023, meaning the Trustee had until October 13, 2023 to respond. The Trustee did not respond until October 16, 2023. The Individual Defendants therefore object to the Trustee's Response as untimely.

### B. The Trustee's conspiracy claim fails because it does not allege the Individual Defendants conspired *with* Frinzi.

In their Motion to Dismiss, the Individual Defendants argue the Trustee has not stated a viable conspiracy claim because the Complaint does not allege they conspired *with Frinzi* to do anything, much less to breach Frinzi's fiduciary duties. The Trustee admits this, but argues it need only allege the Individual Defendants conspired "*with respect to* Frinzi's breaches of his fiduciary duties." (ECF 13 at 4) (emphasis added). The Trustee argues it satisfied this obligation by alleging the

2

Individual Defendants "conspire[ed] to *cause* Frinzi to breach his fiduciary duties." (*Id.*) (quoting ECF 1 at ¶ 127) (emphasis added.)

The Trustee is mistaken. "In civil conspiracy, the plaintiff seeks to hold the defendant liable for an injury caused by a third party who has acted in combination *with the defendant* for a common purpose." *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 140 (Tex. 2019) (emphasis added). The "damages element [of a civil conspiracy claim] refers not to the entire conspiracy itself but to some tortious act *committed by a co-conspirator* pursuant to the conspiracy." *Id.* (emphasis added); *see also Tummel v. Milane*, 787 F. App'x 226, 227 (5th Cir. 2019) (noting that under Texas law, "civil conspiracy is a theory of vicarious liability and not an independent tort.").

Here, the Trustee seeks to hold the Individual Defendants "jointly and severally liable *with Frinzi* for all damages awarded to Trustee and GNET *for Frinzi's breaches of fiduciary duty*" even though it admits it does not allege they conspired *with* Frinzi to breach those duties. (ECF 1 at ¶ 130) (emphasis added). The Trustee's conspiracy claim therefore fails because it does not allege that the "tortious act" for which it seeks to hold the Individual Defendants jointly and severally liable—Frinzi's breach of fiduciary duties—was "committed by a co-conspirator." *Agar*, 580 S.W.3d at 140; *Tummel*, 787 F. App'x at 227.

The Trustee also argues the Court should not dismiss its "conspiracy" claim because it can also be construed as a claim for "knowing participation in" a breach of fiduciary duty. There are two major problems with the Trustee's argument.

3

First, the cases the Trustee cites show that "knowing participation" *is not synonymous* with "conspiracy." *See DeWolff, Boberg & Associates, Inc. v. Pethick*, No. 3:20-CV-3649-L, 2022 WL 4589161, at *7 (N.D. Tex. Sept. 29, 2022); *Meadows v. Hartford Life Ins. Co.,* 492 F.3d 634, 639 (5th Cir. 2007). Given this reality—and given that the Trustee argues it has stated a claim for "conspiracy," the Trustee can hardly argue that the Complaint provides notice that it also intended to state a claim for "knowing participation in the breach of a fiduciary duty."

More importantly, both of the cases the Trustee cites in support of its assertion that it stated a "knowing participation" of a breach a fiduciary claim involved the allegation that fiduciary worked *with* the "participator" in the fiduciaries breaches. *Id.* (alleging defendant company aided and abetted breach of plaintiff employee's breach of fiduciary duties by hiring him and then using stolen trade secrets); *Meadows,* 492 F.3d at 639 (plaintiff alleged defendant conspired with his former employer to breach that employer's fiduciary duties to him).

This is not surprising. Indeed, the Individual Defendants cannot find a single case where any court has *ever* permitted a party attempt to use civil conspiracy/knowing participation to hold a defendant jointly and severally liable for a third party's breach of a fiduciary duty when the plaintiff did not allege the defendant conspired with the fiduciary. This makes sense, too, since Texas courts have consistently held that "a fiduciary duty will not be lightly created" since it imposes extraordinary duties and requires the fiduciary to "put the interests of the beneficiary ahead of its own if the need arises." *See, e.g., ARA Auto. Grp. v. Cent.*

4

*Garage, Inc.*, 124 F.3d 720, 723 (5th Cir. 1997); *see also Tour Strategy LLC v. Star-Telegram, Inc.*, No. 4:18-CV-074-A, 2018 WL 3242280, at *4 (N.D. Tex. July 3, 2018) ("A fiduciary duty will not be lightly created").

In sum, the Individual Defendants cannot be jointly and severally liable for the damages caused by Frinzi's breaches of his fiduciary duties because the Trustee does not allege the Individual Defendants *conspired with Frinzi to breach those duties*.

C. **The Trustee has not stated a fraud claim against Pinkhasova.**

In its opening brief, the Individual Defendants argued that the Complaint's allegations establish Pinkhasova did not make a material misrepresentation, and that Frinzi did not "justifiably or reasonably rel[y] on" the alleged misrepresentation (ECF 7 at 9.) The Trustee counters that the Individual Defendants "grossly mischaracterize the applicable law" and that the Court should ignore the substance of its allegations and focus instead on its boilerplate recitation of the elements of a fraud claim rather than on the facts the Trustee offers to support its claim. (ECF 13 at 12.) The Trustee's arguments do not withstand scrutiny.

On materiality, the Trustee observes that the appropriate test "asks whether a reasonable person would attach importance to a representation, not whether it was reasonable for Frinzi to subjectively to find it important." (*Id.* at 13.) The Individual Defendants agree, and have never suggested otherwise. (ECF 17 at 7.) Instead, the Individual Defendants argue that the Trustee's own pleading establishes that Pinkhasova did not make a material misrepresentation to Frinzi. The Trustee does nothing to undercut this argument.

5

Again, the Trustee bases its entire fraud claim on the contents of a letter Pinkhasova sent to Goodman Networks in which she—on behalf of 18920—demanded that Goodman Networks redeem its "4,032,918 Series A-1 Preferred Shares," which she observed are subject mandatory redemption at their liquidation value on a quarterly basis." (ECF 1 at ¶ 49.) Though it asks the Court to ignore this now, the Complaint expressly acknowledges that no reasonable executive in Frinzi's position would or should have been induced to send millions of dollars to 18920 based on the contents of Pinkhasova's demand letter. (ECF 1 at ¶ 116.) This defeats the Trustee's fraud claim.

The Trustee also complains that the Individual Defendants mistakenly uses "reasonably" and "justifiably" interchangeably when it argued the Trustee cannot establish the necessary reliance to move forward with its claim. This is a fair criticism, but it is irrelevant to the Individual Defendants' analysis or the fate of its fraud and/or aiding abetting claims. The Supreme Court of Texas has explicitly outlined the circumstances when "reliance cannot be justified," and they are identical to those the Trustee alleges in its Complaint:

> A failure to exercise reasonable diligence is not excused by mere confidence in the honesty and integrity of the other party." And when a party fails to exercise such diligence, it is "charged with knowledge of all facts that would have been discovered by a reasonably prudent person similarly situated." To this end, that party ***"cannot blindly rely on a representation by a defendant where the plaintiff's knowledge, experience, and background warrant investigation into any representations before the plaintiff acts in reliance upon those representations."***

6

*JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 654 (Tex. 2018) (emphasis added) (internal citations omitted).

Here, the Trustee alleges Frinzi blindly relied on Pinkhasova's representations that 18920 owned the relevant shares *and* that those shares were subject to a "non-existent mandatory redemption obligation" "without conducting, consulting, or undertaking "any due diligence, review of documents, advice of counsel, or common sense." (ECF 1 at ¶ 116.) The Trustee further alleges that "any reasonably prudent CEO" would have known "that the financial or other metrics required for a Texas corporation to redeem the Transaction Shares could not be satisfied by the Debtor at the time, if they even exited in the first place." (*Id.* at ¶ 66.) Given these allegations, Frinzi is "charged with knowledge of all facts that would have been discovered by a reasonably prudent person in Frinzi's shoes (e.g. a reasonably prudent CEO of Goodman Networks) and Frinzi's reliance cannot be justified. *JPMorgan*, 546 S.W.3d at 654 (holding that plaintiff's failure to conduct additional title searches prior to handing over millions of dollars when the agreement disclaimed any warranty of title precluded its justifiable reliance claim); *see also Providence Title Co. v. Truly Title, Inc.,* No. 4:21-CV-147-SDJ, 2022 WL 925055, at *12 (E.D. Tex. Mar. 29, 2022) (dismissing plaintiff's fraud claim where the plaintiff alleged the defendant committed fraud by misrepresenting the meaning of its noncompete provision of a Shareholder's Agreement because the content of the Shareholder's Agreement directly contradicted defendant's alleged misrepresentations); *CBH Equity, LLC v. Murphy Oil USA, Inc.*, 333 F. Supp. 3d 664, 672 (S.D. Tex. 2018) (granting

7

defendant's request for judgment as a matter of law on plaintiff's fraud claim because plaintiff "cannot show justifiable reliance when Murphy was another business entity operating at arms-length.")

### D. Taken as true, the Trustee's allegations defeat its fraud claim.

The Trustee tries to save its fraud claim by arguing that "even if it were true that the Trustee pled his breach of fiduciary duty and conspiracy/knowing-participation claims in a way that contradicts his fraud claim," the Court should ignore these contradictions because it merely pled "alternative theories of liability." (ECF 7 at 14.) But the Trustee's fraud claim against *Pinkhasova* is not an "alternative theory of liability" to its breach of fiduciary claim against *Frinzi*. (ECF 1 at 24-25, 27.) The question of whether Frinzi breached his fiduciary duties to Goodman Networks also does not impact whether Pinkhasova's alleged misrepresentations were material or Frinzi's alleged reliance was justified.

In the end, the Court must take the Trustee's factual allegations as true. As discussed above, those allegations preclude a finding that Pinkhasova made a material representation, or that Goodman Networks justifiably relied on her alleged misrepresentations.

### E. A wife is not charged with the knowledge of her husband.

In its Motion, the Individual Defendants point out that Trustee did not specifically allege Pinkhasova had personal knowledge that any of the representations contained in the redemption letter were false. (ECF 7 at 8.) The Trustee counters that it sets forth specific facts that show that Zakharyayev (Pinkhasova's husband) knew the letter was not accurate, and that his knowledge is

8

"imputed to" Pinkhasova because the two are married. (ECF 13 at 15.) The Trustee cites no case that supports this novel and nakedly sexist theory, nor does it identify any facts or circumstances that support its assertion that Pinkhasova's representations were "reckless." Thus, this too defeats the Trustee's fraud claim.

## CONCLUSION

The Individual Defendants strongly dispute the Trustee's assertion that it did not own the preferred shares or that 18920 did not have to redeem them. That said, the Trustee expressly alleges that 18920 had no such rights and that any reasonable CEO in Frinzi's shoes would have known that or would not have blindly taken Pinkhasova's demand letter at face value. Given these allegations, the Trustee cannot also move forward with its fraud and conspiracy claims against the Individual Defendants, particularly given that it *does not allege they conspired to do anything with Frinzi.*

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

By: *s/ Jeb Golinkin*
Michael Cancienne
State Bar No. 24046330
Joseph ("Jeb") W. Golinkin II
State Bar No. 24087596
1980 Post Oak Blvd., Ste. 2300
Houston, Texas 77056
713-955-4020 (Telephone)
713-955-9644 (Fax)
mcancienne@jlcfirm.com
jgolinkin@jlcfirm.com

ATTORNEYS FOR STEVEN
ZAKHARYAYEV AND EVELINA
PINKASHOVA

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of October, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all counsel of record in this case.

*/s/ Jeb Golinkin*
Joseph W. Golinkin II