Randall A. Pulman
State Bar No. 16393250
Leslie Sara Hyman
State Bar No. 00798274
Anna K. MacFarlane
State Bar No. 24116701
**PULMAN CAPPUCCIO & PULLEN, LLP**
2161 NW Military Hwy., Suite 400
San Antonio, Texas  78213
Telephone: (210) 222-9494
Facsimile: (210) 892-1610
rpulman@pulmanlaw.com
lhyman@pulmanlaw.com

**COUNSEL FOR JAMES GOODMAN,** *et al.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 22-31641-MVL-7 |
| | § | |
| GOODMAN NETWORKS, INC., | § | |
| | § | |
| | § | |
| DEBTOR. | § | CHAPTER 7 |

| | | |
|---|---|---|
| SCOTT M. SEIDEL, TRUSTEE, AND GNET ATC, LLC, | § § § | |
| PLAINTIFFS | § § | |
| v. | § § | ADVERSARY NO. 23-03072 |
| 18920 NW 11TH, LLC; JAMES GOODMAN; JAMES FRINZI; STEVEN ZAKHARYAYEV; EVELINA PINKHASOVA; PEOPLE NQ, INC.; JJC & PEOPLE LLC; AND GDMN FAMILY INVESTMENTS 2, LLC | § § § § § § § | |
| DEFENDANTS | § | |

**DEFENDANTS JAMES GOODMAN, PEOPLE NQ, INC., JJC & PEOPLE, LLC, AND GDMN FAMILY INVESTMENTS 2, LLC'S ANSWER TO AMENDED COMPLAINT**

1

4863-8603-8442, v. 2

COME NOW Defendants James Goodman ("**J. E. Goodman**"[1]), People NQ, Inc. ("**People NQ**"), JJC & People, LLC ("**JJC**"), and GDMN Family Investments 2, LLLC ("**GDMN 2**," and collectively with People NQ, JJC, the "**Goodman Entity Defendants**") (J.E. Goodman and the Goodman Entity Defendants are collectively referred to herein as the "**Goodman Defendants**") and file this, their Answer to Amended Complaint [Adv. Dkt. No. 23] (the "**Amended Complaint**") responding to the paragraphs of the Amended Complaint as numbered therein.

I.    INTRODUCTION

1. Goodman Defendants deny the allegations in Paragraph 1.

2. Goodman Defendants admit that J. E. Goodman owned shares in the Debtor but deny that the shares were worthless. Goodman Defendants deny the allegations in the second, third, fourth, and fifth sentences of Paragraph 2. Goodman Defendants admit that 18920 NW 11th, LLC ("**18920**") agreed to purchase shares in the Debtor from J. E. Goodman. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in the last sentence of Paragraph 2.

3. Goodman Entity Defendants admit that they received $10 million from 18920 for preferred shares in the Debtor. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in the final sentence of Paragraph 3. Goodman Defendants deny the remaining allegations Paragraph 3 to the extent that they involve the Goodman Defendants.

4. Goodman Defendants admit that the Trustee has filed this action seeking to avoid transactions and obtain monetary and other relief. Goodman Defendants deny that a civil lawsuit

---

[1] James Goodman's full name is James E. Goodman. Because Mr. Goodman has brothers who were involved with the Debtor and whose first names also start with the letter "J", for the sake of clarity the Goodman Defendants refer to James Goodman as J.E. Goodman in this answer.

2

is intended to hold parties accountably and deny that the Trustee is entitled to obtain any relief or judgment against the Goodman Defendants.

## II. PROCEDURAL BACKGROUND

5. Goodman Defendants admit the allegations in Paragraph 5.

6. Goodman Defendants admit the allegations in Paragraph 6.

7. Goodman Defendants admit the allegations in Paragraph 7.

8. Goodman Defendants admit that the Court has jurisdiction over this adversary proceeding. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 8. Goodman Defendants do not consent to the entry of final orders in this adversary proceeding.

9. Goodman Defendants admit that venue is proper in this Court.

## II. [SIC] PARTIES

10. Goodman Defendants admit the allegations in Paragraph 10.

11. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 11.

12. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 12.

13. Goodman Defendants admit the allegations in Paragraph 13.

14. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 14.

15. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 15.

16. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 16.

17. Goodman Defendants admit the allegations in Paragraph 17.

18. Goodman Defendants admit the allegations in Paragraph 18.

19. Goodman Defendants admit the allegations in Paragraph 19.

### III.   FACTS

**A. The Players**

20. Goodman Defendants admit the allegations in Paragraph 20.

21. Goodman Defendants admit the allegations in Paragraph 21.

22. Goodman Defendants admit the allegations in the first two sentences of Paragraph 22. Goodman Defendants deny the remaining allegations in Paragraph 22.

23. Goodman Defendants admit that J. E. Goodman was, through an entity, a shareholder of the Debtor. Goodman Defendants deny the remaining allegations in Paragraph 23.

24. Goodman Defendants admit the allegations in Paragraph 24.

25. Goodman Defendants deny the allegations in Paragraph 25.

26. Goodman Defendants deny the allegations in Paragraph 26.

27. Goodman Defendants deny the allegations in Paragraph 27.

28. Goodman Defendants admit that John Goodman and J.E. Goodman are brothers. Goodman Defendants deny the remaining allegations in Paragraph 28.

29. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 29.

30. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 30.

4863-8603-8442, v. 2

B. **The Debtor**

31. Goodman Defendants deny the allegations in Paragraph 31.

32. Goodman Defendants deny the allegations in Paragraph 32.

33. Goodman Defendants admit the allegations in Paragraph 33.

34. Goodman Defendants admit the allegations in the third sentence of Paragraph 34. Goodman Defendants deny the remaining allegations in Paragraph 34.

35. Goodman Defendants deny the allegations in Paragraph 35.

36. Goodman Defendants admit the allegations in Paragraph 36.

37. Goodman Defendants admit the allegations in Paragraph 37.

38. Goodman Defendants admit the allegations in Paragraph 38.

C. **The Plan and the 18920 Transaction**

39. Goodman Defendants deny the allegations in Paragraph 39.

40. Goodman Defendants deny the allegations in the first paragraph of Paragraph 40. Goodman Defendants lack sufficient knowledge to admit or deny whether the remaining allegations in Paragraph 40 are true as to any other persons.

41. Goodman Defendants admit the allegations in Paragraph 41.

42. Goodman Defendants deny that they formed or agreed to any plan or otherwise acted in any way that was nefarious or tortious. Goodman Defendants lack sufficient knowledge to admit or deny whether the allegations in Paragraph 42 are true as to any other persons.

43. Goodman Defendants admit the allegations in Paragraph 43.

44. Goodman Defendants admit the allegations in Paragraph 44.

45. Goodman Defendants admit the allegations in Paragraph 45.

46. Goodman Defendants admit the allegations in Paragraph 46.

47. Goodman Defendants admit the allegations in Paragraph 47.

48. Goodman Defendants admit the allegations in the first two sentences of Paragraph 48. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in the third and fourth sentences of Paragraph 48. Goodman Defendants deny the remaining allegations in Paragraph 48.

49. Goodman Defendants admit the allegations in Paragraph 49.

50. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 50.

51. Goodman Defendants admit that Frinzi did not have corporate authority in March 2022 to bind the Debtor to a $50 million note. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 51.

52. Goodman Defendants admit that Frinzi did not have corporate authority in March 2022 to bind the Debtor to a settlement agreement. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 52.

53. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 53.

54. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 54.

55. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 55.

56. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 56.

4863-8603-8442, v. 2

57. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 57.

58. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 58.

59. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 59.

60. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 60.

61. Goodman Defendants deny the allegations in Paragraph 61.

62. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 62.

63. Goodman Defendants admit that (1) 18920 only paid the Goodman Entities $10 million instead of the $12,372,656.35 provided for in the Purchase Agreements; (2) on or about June 6, 2022, Zakharyayev proposed to J. E. Goodman's counsel a two-step closing process where they close on the $10 million first and later close on the remaining amount; and (3) on June 14, 2022, J. E. Goodman's counsel agreed with Zakharyayev to revise the Stock Purchase Agreement of GDMN to reduce the number of shares being sold. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in the final three sentences of Paragraph 63. Goodman Defendants deny the remaining allegations in Paragraph 63.

64. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 64.

65. Goodman Defendants deny that they conspired with anyone. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 65.

7

66. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 66.

**D. Motives**

1. **Frinzi**

67. Goodman Defendants admit that at the time of the transactions in question J. E. Goodman had historical and institutional knowledge regarding Plaintiffs. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in the fourth and fifth sentences of Paragraph 65. Goodman Defendants deny the remaining allegations in Paragraph 67.

68. Goodman Defendants deny the allegations in Paragraph 68.

69. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 69.

2. **Goodman**

70. Goodman Defendants admit that (1) J. E. Goodman knew that the Debtor's preferred shares had no mandatory redemption right; (2) J. E. Goodman was a shareholder and director of the Debtor at the time the Debtor filed the Sixth Amendment with the Texas Secretary of State; (3) the remaining Goodman Defendants were shareholders of the Debtor at the time the Debtor filed the Sixth Amendment with the Texas Secretary of State. Goodman Defendants deny the remaining allegations in Paragraph 70.

3. **18920, Zakharyayev and Pinkhasova**

71. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 71.

72. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 72.

73. Goodman Defendants admit the allegations in Paragraph 73.

74. Goodman Defendants deny the allegations in the first sentence of Paragraph 74. Goodman Defendants admit the allegations in the second sentence of Paragraph 74. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in the third sentence of Paragraph 74.

75. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 75.

76. Goodman Defendants deny the allegations in the second sentence of Paragraph 76. Goodman Defendants deny that Zakharyayev relied on any representation from J. E. Goodman. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 76.

77. Goodman Defendants admit the allegations in the first sentence of Paragraph 77. Goodman Defendants deny the remaining allegations in Paragraph 77.

78. Goodman Defendants admit the allegations in the first two sentences of Paragraph 78. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in the third and fourth sentences of Paragraph 78. Goodman Defendants deny the remaining allegations in Paragraph 78.

79. Goodman Defendants deny the allegations in Paragraph 79.

80. Goodman Defendants lack sufficient knowledge to admit or deny 18920's intent. Goodman Defendants deny that the allegations in Paragraph 80 describe the Goodman Defendants' intent.

81. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 81.

4863-8603-8442, v. 2

82. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 82.

83. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 83.

84. Goodman Defendants admit that (1) 18920 only paid the Goodman Entities $10 million instead of the $12,372,656.35 provided for in the Purchase Agreements; (2) on or about June 6, 2022, Zakharyayev proposed to J. E. Goodman's counsel a two-step closing process where they close on the $10 million first and later close on the remaining amount; and (3) on June 14, 2022, J. E. Goodman's counsel agreed with Zakharyayev to revise the Stock Purchase Agreement of GDMN to reduce the number of shares being sold. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in the second and third sentences of Paragraph 84. Goodman Defendants deny the remaining allegations in Paragraph 84.

## IV.    Causes of Action

**Count 1: Bankruptcy Code Fraudulent Transfer (18920 and Goodman Entities)**

85. Goodman Defendants incorporate their responses to paragraphs 1 through 84 as if fully set forth herein.

86. Goodman Defendants deny the allegations in Paragraph 86.

87. Goodman Defendants admit the allegations in Paragraph 87.

88. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 88.

89. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 89 as to other individuals. Goodman Defendants deny the allegations in Paragraph 89 as to the Goodman Defendants.

90. Goodman Defendants deny the allegations in Paragraph 90.

91. Goodman Defendants deny the allegations in Paragraph 91.

**Count 2: TUFTA Fraudulent Transfer (18920 and Goodman Entities)**

92. Goodman Defendants incorporate their responses to paragraphs 1 through 91 as if fully set forth herein.

93. Goodman Defendants admit the allegations in Paragraph 93.

94. Goodman Defendants admit the allegations in Paragraph 94.

95. Goodman Defendants deny the allegations in Paragraph 95.

96. Goodman Defendants admit the allegations in Paragraph 96.

97. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 97.

98. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 98.

99. Goodman Defendants deny the allegations in Paragraph 99.

100. Goodman Defendants deny the allegations in Paragraph 100.

101. Goodman Defendants deny that the Trustee is entitled to recover his costs and attorneys' fees.

**Count 3: TUFTA Fraudulent Transfer (GNET v. 18920 and Goodman Entities)**

102. Goodman Defendants incorporate their responses to paragraphs 1 through 101 as if fully set forth herein.

103. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 103.

4863-8603-8442, v. 2

104. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 104.

105. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 105.

106. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 106.

107. Goodman Defendants deny the allegations in Paragraph 107.

108. Goodman Defendants deny the allegations in Paragraph 108.

109. Goodman Defendants deny that the Trustee is entitled to recover his costs and attorneys' fees.

**Count 4: Recovery of Avoided Transfers**

110. Goodman Defendants incorporate their responses to paragraphs 1 through 109 as if fully set forth herein.

111. Goodman Defendants deny the allegations in Paragraph 111.

112. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 112 but denies that the Trustee is entitled to obtain any relief or judgment against the Goodman Defendants as pled or otherwise.

113. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 113 but denies that the Trustee is entitled to obtain any relief or judgment against the Goodman Defendants as pled or otherwise.

114. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 114 but denies that the Trustee is entitled to obtain any relief or judgment against the Goodman Defendants as pled or otherwise.

115. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 115 but denies that the Trustee is entitled to obtain any relief or judgment against the Goodman Defendants as pled or otherwise.

**Count 5: Breach of Fiduciary Duty (Trustee v. Frinzi)**

116. Goodman Defendants incorporate their responses to paragraphs 1 through 116 as if fully set forth herein.

117. Goodman Defendants admit the allegations in Paragraph 117.

118. Goodman Defendants deny that Frinzi was acting to or did, enrich Goodman, through the Goodman Entities, at the expense of the Debtor. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 118.

119. Goodman Defendants deny that Frinzi acted recklessly to benefit Goodman. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 119.

120. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 120.

121. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 121.

**Count 6: Breach of Fiduciary Duty (GNET v. Frinzi)**

122. Goodman Defendants incorporate their responses to paragraphs 1 through 121 as if fully set forth herein.

123. Goodman Defendants admit the allegations in Paragraph 123.

124. Goodman Defendants deny that Frinzi was acting to or did, enrich Goodman, through the Goodman Entities, at the expense of the Debtor. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 124.

125. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 125.

126. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 126.

**Count 7: Knowing Participation in Breach of Fiduciary Duty (Goodman, Zakharyayev and Pinkhasova)**

127. Goodman Defendants incorporate their responses to paragraphs 1 through 126 as if fully set forth herein.

128. Goodman Defendants admit that Plaintiffs have described the general elements of knowing participation in breach of fiduciary duty. Goodman Defendants lack sufficient knowledge to admit or deny whether such description correctly describes a knowing participation in breach of fiduciary duty claim applicable in this proceeding.

129. Goodman Defendants deny the allegations in Paragraph 129.

130. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 130 to the extent they involve other parties. Goodman Defendants deny the allegations in Paragraph 130 insofar as they relate to the Goodman Defendants.

131. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 131.

132. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 132 Paragraph 132. Goodman Defendants deny the allegations in Paragraph 132 to the extent they involve the Goodman Defendants.

14

133. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 133.

134. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 134 but denies that the Trustee is entitled to obtain any relief or judgment against the Goodman Defendants as pled or otherwise.

**Count 8: Fraud (Pinkhasova)**

135. Goodman Defendants incorporate their responses to paragraphs 1 through 134 as if fully set forth herein.

136. Goodman Defendants admit that Plaintiffs have described the general elements of a fraud claim. Goodman Defendants lack sufficient knowledge to admit or deny whether such description correctly describes a fraud claim applicable in this proceeding.

137. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 137.

138. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 138.

139. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 139.

140. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 140.

141. Goodman Defendants deny that J. E. Goodman told Frinzi that there was a mandatory redemption right. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 141.

142. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 142.

143. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 143.

144. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 144.

## V. DEFENSES

1. Goodman Defendants received payment on an antecedent debt.

2. Goodman Defendants received the complained of transfers in good faith and without relevant knowledge of the avoidability of the transfers.

3. Goodman Defendants were mediate or subsequent transferees who took in good faith from an initial transferee.

4. Goodman Defendants plead proportionate responsibility under Chapter 33 of the Texas Civil Practice and Remedies Code.

## VI. JURY DEMAND

Goodman Defendants demand a trial by jury on all claims to which they are entitled to a Jury.

## VII. PRAYER

Goodman Defendants deny any allegations in Plaintiffs' Amended Complaint that are not specifically admitted above and deny that Plaintiffs are entitled to obtain any relief or judgment against Goodman Defendants as pled or otherwise.

Dated March 5, 2024    Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Randall A. Pulman*
　　Randall A. Pulman
　　Texas State Bar No. 16393250
　　rpulman@pulmanlaw.com
　　Leslie Sara Hyman
　　Texas State Bar No. 00798274
　　lhyman@pulmanlaw.com
　　Anna K. MacFarlane
　　Texas State Bar No. 24116701
　　amacfarlane@pulmanlaw.com

**ATTORNEYS FOR DEFENDANTS JAMES GOODMAN, PEOPLE NQ, INC., JJC & PEOPLE, LLC, AND GDMN FAMILY INVESTMENTS 2, LLLC**

17

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on March 5, 2024, the foregoing will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, including the following:

***Via CM/ECF drukavina@munsch.com***
Davor Rukavina
Munsch, Hardt, Kopf & Harr
500 N. Akard Street, Ste 3800
Dallas, TX 75201-6659

***Via CM/ECF: jgolinkin@jlcfirm.com; mcancienne@jlcfirm.com***
Michael Cancienne
Joseph Webster Golinkin, II
Jordan, Lynch & Cancienne PLLC
1980 Post Oak Blvd. Ste 2300
Houston, TX 77056

***Via CM/ECF jason.rudd@wickphillips.com***
Jason M. Rudd
Wick Phillips Gould & Martin LLP
3131 McKinney Ave. Ste 500
Dallas, TX 75204

                                                   */s/   Randall A. Pulman*
                                                   Randall A. Pulman

4863-8603-8442, v. 2