**JORDAN, LYNCH & CANCIENNE PLLC**
Michael Cancienne (SBN 24055256)
Joseph W. Golinkin II (SBN 24087596)
1980 Post Oak Blvd., Ste. 2300
Houston, Texas 77056
Telephone: 713.955.4025

*Counsel for 18920 NW 11th, LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SCOTT M. SEIDEL, TRUSTEE; and GNET ATC, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>18920 N 11th, LLC; JAMES GOODMAN; JAMES FRINZI; STEVEN ZAKHARYAYEV; EVELINA PINKASOVA; PEOPLE NQ INC.; JJC & PEOPLE LLC; GDMN FAMILY INVESTMENTS 2, LLC,<br><br>*Defendants.* | Case No. 22-31641-mvl-7<br><br><br><br>Adversary Proceeding No. 23-03072-mvl |

**18920 NW 11TH, LLC'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT**

18920 NW 11th, LLC ("18920") submit its Answer to Plaintiffs' Amended Complaint. Except as otherwise expressly admitted, 18920 denies each and every allegation contained in Plaintiffs' Amended Complaint.

**INTRODUCTION**

1. 18920 denies the allegations contained in Paragraph 1.

2. 18920 denies the allegations contained in Paragraph 2.

3. 18920 denies the allegations contained in Paragraph 3.

4. Paragraph 4 does not contain factual allegations, and therefore no response to this paragraph is required. To the extent a response is deemed required, 18920 denies any allegations contained in Paragraph 4.

## PROCEDURAL BACKGROUND

5. Upon information and belief, 18920 admits the allegations contained in Paragraph 5.

6. Upon information and belief, 18920 admits the allegations contained in Paragraph 6.

7. Upon information and belief, 18920 admits the allegations contained in Paragraph 7.

8. The first two sentences of Paragraph 8 do not contain factual allegations, and therefore no response to these sentences is required. The third sentence of Paragraph 8 contains the Trustee's consent to entry of a final judgment, and therefore is likewise not an allegation that 18920 can admit or deny. To the extent a response is deemed to be required for Paragraph 8, 18920 denies the allegations contained in Paragraph 8.

9. Paragraph 9 consists of a legal conclusion to which 18920 is not required to admit or deny. To the extent a response is deemed to be required, 18920 responds that upon information and belief, it believes that venue is proper.

## PARTIES

10. Upon information and belief, 18920 admits that the Trustee is the Chapter 7 trustee of the Debtor. The capacity in which the Trustee is filing this lawsuit is not an allegation that 18920 can admit or deny, and 18920 lacks sufficient information to admit or deny this statement in any event.

11. 18920 lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, therefore, denies those allegations.

12. 18920 admits the allegations contained in Paragraph 12.

13. 18920 lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, denies those allegations.

14. 18920 lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, therefore, denies those allegations.

15. 18920 admits the allegations contained in Paragraph 15.

16. 18920 admits the allegations contained in Paragraph 16.

17. 18920 lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, therefore, denies those allegations.

18. 18920 lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, denies those

allegations.

19.     18920 lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, denies those allegations.

## "Facts"

20.     Upon information and belief, 18920 admits that Frinzi was the Chief Executive Officer of the Debtor at the relevant times described in the amended complaint. Frinzi's fiduciary obligations to the Debtor is a legal question, and therefore is not an allegation to which 18920 can respond. To the extent a response is deemed required, 18920 denies the assertion.

21.     Upon information and belief, 18920 admits that Frinzi was the Chief Executive Officer of GNET at the relevant times described in the amended complaint. Frinzi's fiduciary obligations to GNET is a legal question, and therefore is not an allegation to which 18920 can respond. To the extent a response is deemed required, 18920 denies the assertion.

22.     18920 lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies those allegations.

23.     18920 lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, denies those allegations.

24. 18920 lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies those allegations.

25. 18920 lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, denies those allegations.

26. 18920 lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, denies those allegations.

27. 18920 lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, denies those allegations.

28. 18920 lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, denies those allegations.

29. 18920 admits the allegations contained in Paragraph 29.

30. 18920 admits the allegations contained in Paragraph 30.

31. 18290 denies the allegations contained in Paragraph 31.

32. 18920 lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, therefore, denies those allegations.

33. 18920 lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 33 and, therefore, denies those allegations.

34. 18920 lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies those allegations.

35. 18920 lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, therefore, denies those allegations.

36. 18920 lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and therefore denies the allegations. The Third Amended and Restated Certificate of Formation is a written document whose terms speak for itself.

37. 18920 lacks knowledge or information sufficient to form a belief as to whether the "Debtor's audited financial statements for the year ending December 31, 2020, the year in which the mandatory redemption obligation was removed, do not reflect a liability for accrued and unpaid mandatory redemption of preferred stock" and therefore denies this allegation. Otherwise, 18920 denies the allegations contained in Paragraph 37.

38. 18920 admits the allegations contained in Paragraph 38.

39. 18920 lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, denies those allegations.

40. 18920 lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, therefore, denies those allegations

41. 18920 admits that 18920 was presented with an opportunity to purchase preferred shares of Goodman Networks from three entities that were owned and controlled by James Goodman. 18920 denies that "18920 was identified by Zakharyayev as the entity that would purchase the Transaction Shares" and also denies that Zakharyayev was a third party to purchase the transaction shares. Finally, 18920 lacks knowledge or information to form a belief as to the truth about who identified Zakharyayev to be the third party to purchase the Transaction Shares or who proposed to Goodman that he seek to sell some or all of the Series A-1 Preferred Stock held by the Goodman Entities; thus, 18920 denies those allegations.

42. Paragraph 42 does not identify which "various of other Defendants" it is referring to, but to the extent Paragraph 42 purports to allege that 18920 "implemented the plan in a nefarious manner, employing concealment and misleading documents in an attempt to 'paper up' something it knew to be nefarious and tortious," 18920 denies those allegations as well as the remainder of the allegations contained in Paragraph 42.

43. 18920 admits the allegations contained in Paragraph 43.

44. 18920 admits the allegations contained in Paragraph 44.

45. 18920 admits the allegations contained in Paragraph 45.

46. 18920 admits the allegations contained in Paragraph 46.

47. 18290 admits the allegations contained in Paragraph 47.

48. 18290 denies the allegations contained in Paragraph 48.

49. 18290 denies the allegations contained in Paragraph 49.

50. 18920 denies the allegations contained in Paragraph 50.

51. 18290 admits that it agreed to settle 18920's redemption demand in exchange for the $50 Million Note. 18290 denies that Frinzi did not have the corporate authority to bind the Debtor to the $50 Million Note. 18920 does not know what Trustee has or has not been provided or is or is not aware of, and therefore denies the remainder of the allegations in Paragraph 51.

52. 18920 admits that on March 10, 2022, 18920 and Debtor executed the Settlement Agreement. 18920 denies the remainder of the allegations contained in Paragraph 52.

53. 18920 admits that the Settlement Agreement states that 18920 holds the $50 Million Note. 18290 denies that the Settlement Agreement "had not been signed."

54. The Settlement Agreement is a written document that speaks for itself. To the extent Paragraph 54 contains factual allegations, 18920 admits it entered into the Settlement Agreement.

55. 18920 denies the allegations contained in Paragraph 55.

56. 18920 denies the allegations contained in Paragraph 56.

57. 18920 denies the allegations contained in Paragraph 57.

58. 18290 denies the allegations contained in Paragraph 58.

8

59. 18290 denies the allegations contained in Paragraph 59.

60. 18920 denies the allegations contained in Paragraph 60.

61. 18920 denies the allegations contained in Paragraph 61.

62. 18920 admits that "[i]n April, 2022, Zakharyayev and Frinzi exchanged a revised version of the Settlement Agreement which included the transfer of a $4.5 million note payable by Multiband Global Resources, LLC to Multiband Field Services, Inc. 18920 lacks sufficient knowledge to either admit or deny whether Frinzi owned this company. 18920 denies the remainder of the allegations contained in Paragraph 62.

63. 18290 admits it paid the Goodman Entities $10 million but denies the remainder of the allegations contained in Paragraph 63.

64. 18920 cannot either admit or deny the allegations contained in Paragraph 63 because the nature of the allegations are not clear, and the allegations are therefore denied.

65. 18920 denies the allegations contained in Paragraph 65.

66. 18920 denies the allegations contained in Paragraph 66.

67. 18920 lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67, and, therefore, denies those allegations.

68. 18290 denies that Debtor was insolvent. 18920 lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 68 and, therefore, denies those allegations.

9

69. 18920 denies the allegations contained in Paragraph 69.

70. 18920 lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70, and, therefore, denies those allegations.

71. 18920 denies the allegations contained in Paragraph 71.

72. 18290 denies the allegations contained in Paragraph 72.

73. 18920 admits the allegations contained in Paragraph 73.

74. 18290 denies the allegations contained in Paragraph 74.

75. 18920 denies the allegations contained in Paragraph 75.

76. 18920 denies the allegations contained in Paragraph 76.

77. 18920 admits that the Purchase Agreement contains the language quoted in Paragraph 77. Otherwise, 18920 denies the allegations contained in Paragraph 77.

78. 18920 admits that the Purchase Agreement contains the language quoted in Paragraph 78. 18920 otherwise denies the allegations contained in Paragraph 78.

79. 18290 denies the allegations contained in Paragraph 79.

80. 18920 denies the allegations contained in Paragraph 80.

81. 18290 denies the allegations contained in Paragraph 81.

82. 18290 denies the allegations contained in Paragraph 82.

83. 18290 denies the allegations contained in Paragraph 83.

84. 18290 denies the allegations contained in Paragraph 84.

## CAUSES OF ACTION

### Count I

85.  18290 denies the allegations contained in Paragraph 85, except as expressly admitted above.

86.  18290 denies the allegations contained in Paragraph 86.

87.  18290 denies the allegations contained in Paragraph 87.

88.  18290 denies the allegations contained in Paragraph 88.

89.  18290 denies the allegations contained in Paragraph 89.

90.  18290 denies the allegations contained in Paragraph 90.

91.  18290 denies the allegations contained in Paragraph 91.

### Count II

92.  18290 denies the allegations contained in Paragraph 92, except as expressly admitted above.

93.  Paragraph 93 contains a legal conclusion to which no response is required. To the extent that a response is deemed to be required, 18290 denies any allegations contained in Paragraph 93.

94.  18290 lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 94 and, therefore, denies those allegations.

95.  18290 denies the allegations contained in Paragraph 95.

96.  18290 denies the allegations contained in Paragraph 96.

97.  18290 denies the allegations contained in Paragraph 97.

98.  18290 denies the allegations contained in Paragraph 98.

99. 18290 denies the allegations contained in Paragraph 99.

100. 18290 denies the allegations contained in Paragraph 100.

101. 18290 denies the allegations contained in Paragraph 101.

## Count III

102. 18290 denies the allegations contained in Paragraph 102, except as expressly admitted above.

103. 18290 lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and, therefore, denies those allegations.

104. 18290 denies the allegations contained in Paragraph 104.

105. 18290 denies the allegations contained in Paragraph 105.

106. 18290 denies the allegations contained in Paragraph 106.

107. 18290 denies the allegations contained in Paragraph 107.

108. 18290 denies the allegations contained in Paragraph 108.

109. 18290 denies the allegations contained in Paragraph 109.

## Count IV

110. 18290 denies the allegations contained in Paragraph 110, except as expressly admitted above.

111. 18290 denies the allegations contained in Paragraph 111.

112. 18290 denies the allegations contained in Paragraph 112.

113. 18290 denies the allegations contained in Paragraph 113.

114. 18290 denies the allegations contained in Paragraph 114.

115. 18290 denies the allegations contained in Paragraph 115.

## Count V[1]

116. 18290 denies the allegations contained in Paragraph 116, except as expressly admitted above.

117. 18290 denies the allegations contained in Paragraph 117.

118. 18290 denies the allegations contained in Paragraph 118.

119. 18290 denies the allegations contained in Paragraph 119.

120. 18290 denies the allegations contained in Paragraph 120.

121. 18290 denies the allegations contained in Paragraph 121.[2]

## Count VI[3]

122. 18290 denies the allegations contained in Paragraph 122, except as expressly admitted above.

123. 18290 denies the allegations contained in Paragraph 123.

124. 18290 denies the allegations contained in Paragraph 124.

125. 18290 denies the allegations contained in Paragraph 125.

126. 18290 denies the allegations contained in Paragraph 126.

---

[1] Although this claim does not directly impact 18920, it denies the allegations in abundance of caution.

[2] In an abundance of caution, 18920 denies the assertion set forth in footnote five of the Trustee's Amended Complaint.

[3] Although this claim does not directly impact 18920, it denies the allegations in abundance of caution.

## Count VII

127. 18290 denies the allegations contained in Paragraph 127, except as expressly admitted above.

128. Paragraph 128 contains a legal conclusion to which no response is required. To the extent that a response is deemed to be required, 18290 denies any allegations contained in Paragraph 128.

129. 18290 denies the allegations contained in Paragraph 129.

130. 18290 denies the allegations contained in Paragraph 130.

131. 18290 denies the allegations contained in Paragraph 131.

132. 18290 denies the allegations contained in Paragraph 132.

133. 18290 denies the allegations contained in Paragraph 133.

134. 18290 denies the allegations contained in Paragraph 134.

## Count VIII

135. 18290 denies the allegations contained in Paragraph 135, except as expressly admitted above.

136. Paragraph 136 contains a legal conclusion to which no response is required. To the extent that a response is deemed to be required, 18290 denies any allegations contained in Paragraph 128.

137. 18290 denies the allegations contained in Paragraph 137.

138. 18290 denies the allegations contained in Paragraph 138.

139. 18290 denies the allegations contained in Paragraph 139.

140. 18290 denies the allegations contained in Paragraph 140.

141. 18290 denies the allegations contained in Paragraph 141.

142. 18290 denies the allegations contained in Paragraph 142.

143. 18290 denies the allegations contained in Paragraph 143.

144. 18290 denies the allegations contained in Paragraph 144.

## 18920's AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiffs have failed to state a claim against 18920 upon which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, acquiescence, waiver, equitable estoppel, and unclean hands.

3. Plaintiffs' claims are barred, in whole or in part, because some or all of Plaintiffs lack standing to bring these claims.

4. Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

5. 18920 acted reasonably and in good faith at all times.

6. The costs, damages, and penalties the Plaintiffs seek to recover or impose are unreasonable, excessive, arbitrary, and capricious.

7. The Plaintiffs are not entitled to recover attorneys' fees or costs, or fees of litigation.

8. 18920 reserves the right to plead additional defenses as may be appropriate depending upon facts later revealed during discovery.

## 18920'S REQUESTS FOR RELIEF

WHEREFORE, 18920 prays that Plaintiffs' claims be dismissed, and that this Court award 18920 their costs and reasonable attorneys' fees in defending against Plaintiffs' claims, and award such other and further relief to which 18920 may be justly entitled.

## DEMAND FOR JURY TRIAL

18920 hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

By: *Michael Cancienne*
Michael Cancienne
State Bar No. 24046330
Joseph ("Jeb") W. Golinkin II
State Bar No. 24087596
1980 Post Oak Blvd., Ste. 2300
Houston, Texas 77056
713-955-4020 (Telephone)
713-955-9644 (Fax)
mcancienne@jlcfirm.com
jgolinkin@jlcfirm.com

ATTORNEYS FOR 18920 NW 11th, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all counsel of record in this case.

*/s/ Michael Cancienne*
Michael Cancienne