**JORDAN, LYNCH & CANCIENNE PLLC**
Michael Cancienne (SBN 24055256)
Joseph W. Golinkin II (SBN 24087596)
1980 Post Oak Blvd., Ste. 2300
Houston, Texas 77056
Telephone: 713.955.4025

*Counsel for Steven Zakharyayev*
*And Evelina Pinkhasova*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SCOTT M. SEIDEL, TRUSTEE; and GNET ATC, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>18920 N 11th, LLC; JAMES GOODMAN; JAMES FRINZI; STEVEN ZAKHARYAYEV; EVELINA PINKHASOVA; PEOPLE NQ INC.; JJC & PEOPLE LLC; GDMN FAMILY INVESTMENTS 2, LLC,<br><br>*Defendants.* | Case No. 22-31641-mvl-7<br><br><br><br>Adversary Proceeding No. 23-03072-mvl |

**DEFENDANTS STEVEN ZAKHARYAYEV AND EVELINA PINKASHOVA'S PARTIAL MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendants Steven Zakharyayev and Evelina Pinkhasova ("the Individual Defendants") move to dismiss Count 7 of Plaintiffs Scott Seidel, the Trustee, and GNET ATC, LLC's (together, "the Trustee") Amended Complaint (ECF 23) under Rule 12 of the Federal Rules of Civil Procedure.

## I. SUMMARY OF ARGUMENT

In this lawsuit, the Trustee alleges the Individual Defendants conspired with James Goodman to dupe Goodman Networks' CEO (James Frinzi)—who the Trustee alleges was both lazy and incompetent—into entering into a series of transactions that helped 18920 and James Goodman and hurt Debtor and GNET. In its Original Complaint, the Trustee alleged the Individual Defendants were jointly and severally liable for the damages caused by Frinzi's alleged breaches of his fiduciary duties because (it alleged) the Individual Defendants and Goodman caused those breaches. The Court dismissed this claim because the Original Complaint did not allege either of the Individual Defendants participated in Frinzi's alleged breaches of his fiduciary duties.

Unphased, the Trustee now seeks to reassert the same claim the Trustee argued he asserted in the Original Complaint against the Individual Defendants based on substantively identical allegations. Indeed, the only difference between Count 7 in the Original and Amended Complaints is the heading. Semantics, however, cannot revive the Trustee's already rejected claim for "knowing participation," especially because the Amended Complaint does not allege the Individual Defendants knew Frinzi owed Debtor and GNET fiduciary duties, does not allege that the Individual Defendants conspired with Frinzi to breach his fiduciary duties, and because the claim relates to work Zakharyayev performed as 18920's attorney.

## II. FACTUAL BACKGROUND

According to the Complaint, on March 9, 2022, 18920 purchased 3,407,076 Series A-1 preferred shares in Goodman Networks from three companies[1] controlled by Defendant James Goodman for $10,000,000.[2] Goodman was, at one point, the controlling shareholder and CEO of Goodman Networks, but was removed after he lost control of the company.

The next day, 18920 wrote to Goodman Networks, asking to redeem its shares. (ECF 1 at ¶ 49.) Goodman Networks' then-management recognized 18920's right to mandatory redemption and negotiated a Promissory Note ("the Promissory Note") in which Goodman Networks promised to pay $50,000,000 to 18920. (*Id.* at ¶ 50.) Soon after, 18920 agreed to release Goodman Network from its obligations under the Promissory Note in exchange for $14,500,000 and the transfer of certain assets (including certain Trademarks and rights under a licensing agreement with Tiger Athletic Foundation). (*Id.* at ¶ 53.) Goodman Networks agreed to assign half of its interest in a $44 million promissory note with third party AMRR[3] to 18920 and to transfer its interest in a $4.5 million promissory note with a different third party to

---

[1]  GDMN Family Investments 2, LLC; JJC & People LLC; and People NQ, LLC.

[2]  Preferred A-1 shares in Goodman Networks were subject to a Mandatory Redemption Provision which obligated Goodman Networks to purchase buy back these shares at a contractually agreed upon price upon a demand by the owner of the shares.

[3]  CEO James Frinzi borrowed $44,000,000 from GNET to purchase American Metal Recovery Inc. Frinzi gave GNET a $44,000,000 promissory note.

18920.[4] (*Id.*) To date, Goodman Networks has only paid $13.2 million to 18920. (*Id.* at ¶ 57.)

### A. The Original Complaint.

Five months after the 18920 transaction, four of Goodman Networks' creditors[5] filed a Chapter 7 Involuntary Petition against Goodman Networks. On August 5, 2023, the Trustee filed the above captioned lawsuit. In it, the Trustee asserts fraudulent transfer claims (under both state and federal law) against 18920 and the Goodman Entities. The Trustee also alleged that Goodman Networks' former CEO, James Frinzi, breached fiduciary duties to both Debtor and GNET by honoring 18920's request for mandatory redemption. Finally, the Trustee asserted claims for civil conspiracy (against Zakharyayev and Goodman) and fraud (against Pinkhasova).

### B. The Court Dismisses the Trustee's Civil Conspiracy Claim.

The Individual Defendants moved to dismiss all of the Trustee's claims against them. With respect to the civil conspiracy claim (Count 7), the Individual Defendants argued that claim must be dismissed because the Original Complaint did not allege they conspired with Frinzi to breach any fiduciary duty. The Trustee countered that although it labeled Count 7 "Civil Conspiracy," the Court should not

---

[4] GNET is the parent company for Multiband Field Services, Inc. ("MFS"). MFS is the holder of a secured promissory note, issued by Multiband Global Resources, LLC ("MGS") in the principal amount of $4,500,000. ("MFS Note").

[5] SJLP Credit Opportunity Master Fund Ltd.; JLP Credit Opportunity IDF Series Interests of the SALI Multi-Series Fund, L.P.; JLP Institutional Credit Master Fund LP; and Alimco Re Ltd.

4

dismiss its claim because it "more than adequately pled a claim for knowing participation." (ECF 13 at ¶ 12, ¶¶ 18-19.)

After a hearing, the Court dismissed Count 7 of the Trustee's Complaint without prejudice because the Trustee failed to allege that either of the Individual Defendants conspired with Frinzi to breach any fiduciary duties to Debtor. (ECF 21 at pp. 6-8.)

### C. The Amended Complaint.

On February 20, 2024, the Trustee amended its complaint, renaming Count 7 (previously labeled "Conspiracy") "Knowing Participation in Breach of Fiduciary Duty." Notwithstanding the new name, the Trustee's factual allegations are virtually identical to those it offered to support Count 7 of the Original Complaint. The Trustee alleges Frinzi breached two specific duties—the duty of care and the duty of loyalty—to Debtor and GNET by "honoring the mandatory redemption demand, entering into the $50 Million Note, entering into the Settlement Agreement, and making the transfers provided for in the Settlement Agreement" without first conducting any due diligence, reviewing any documents, or exercising common sense. (ECF 23 at ¶¶ 118-119, 124.)

In Count 7, the Trustee asserts that the Individual Defendants are liable for "knowingly participating" in Frinzi's breaches because they "negotiated and papered the transaction with Frinzi" (Zakharyayev); authorized/prepared (Zakharyayev) and sent (Pinkhasova) the Redemption Letter to Debtor; and negotiated (Zakharyeyev) and executed (Pinkhasova) the $50 Million Note and the Settlement Agreement on behalf of 18920 even though they allegedly knew that there

5

was no redemption obligation and that "Frinzi had undertaken no due diligence." (*Id.* at ¶¶ 131-132.)

### III. APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a complaint for the "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). In deciding a Rule 12(b)(6) motion, the Court should "accept all well-pleaded facts as true, drawing all reasonable inferences in the nonmoving party's favor." *Benfield v. Magee*, 945 F.3d 333, 336 (5th Cir. 2019). The Court "do[es] not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Id.* at 336–37.

### IV. DISCUSSION

In the Amended Complaint, the Trustee alleges the Individual Defendants are "jointly and severally liable with Frinzi for all damages awarded to the Trustee and GNET herein for Frinzi's breaches of fiduciary duty" based on their "knowing participation" in James Frinzi's alleged breaches of his fiduciary duties. (ECF 23 at ¶ 134.) This is substantively identical to Count 7 of the Original

6

Complaint, which this Court dismissed even after the Trustee argued they had stated a claim against the Individual Defendants for "knowing participation" in Frinzi's breaches of fiduciary duty. As discussed in more detail below, the Court's analysis remains sound and applicable, and the Court should dismiss Count 7 of the Amended Complaint.

### A. The Trustee failed to allege the Individual Defendants knew Frinzi had fiduciary duties to Debtor and GNET.

"To establish a claim for knowing participation in a breach of fiduciary duty, a plaintiff must assert: (1) the existence of a fiduciary relationship; (2) that the third party knew of the fiduciary relationship; and (3) that the third party was aware that it was participating in the breach of that fiduciary relationship." *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 639 (5th Cir. 2007). The Amended Complaint alleges Frinzi had a fiduciary relationship with Debtor and GNET, but it *does not* allege either Zakharyayev or Pinkhasova "knew of the fiduciary relationship." As a result, the Court must dismiss Count 7 of the Amended Complaint. *See Ahmed v. Bank of Whittier, N.A.*, No. 05-21-00058-CV, 2022 WL 1401432, at *7 (Tex. App.—Dallas May 4, 2022, pet. denied) (affirming summary judgment because plaintiff had no evidence defendant knew of fiduciary relationship).

### B. The Trustee does not allege the Individual Defendants knowingly participated in Frinzi's breaches of fiduciary duty.

In its Response to the Individual Defendants' Original Motion to Dismiss, the Trustee argued that notwithstanding Count 7's heading, the Original Complaint stated a viable "Knowing Participation in Breach of Fiduciary Duty" claim

7

against the Individual Defendants. The Court correctly rejected this argument and dismissed Count 7 of the Original Complaint because the Trustee alleged neither Individual Defendant actually participated *with Frinzi* in his alleged breaches. In response, the Trustee renamed Count 7 "Knowing Participation in Breach of Fiduciary Duty," but changed nothing else. In so doing, the Trustee suggests that all it needed to do to save Count 7 was change its name.

Name change aside, Count 7 remains identical to the claim the Court dismissed, and the reasons the Court cited for dismissing Count 7 of the Original Complaint apply with equal force here. The Trustee should know this because it already made, and the Court already rejected, the argument that the factual allegations set forth in the Amended Complaint support a "knowing participation" claim because the Trustee did not allege either of the Individual Defendants actually conspired or participated *with Frinzi* to breach his fiduciary duties.

The same deficiency dooms Count 7 of the Amended Complaint. As before, the Trustee alleges Frinzi breached two specific duties—the duty of care and the duty of loyalty—to Debtor and GNET by "honoring the mandatory redemption demand, entering into the $50 Million Note, entering into the Settlement Agreement, and making the transfers provided for in the Settlement Agreement" without first conducting any due diligence, reviewing any documents, or exercising common sense. (ECF 23 at ¶¶ 118-119, 124.) The Trustee does not allege facts to support its contention that either of the Individual Defendants knowingly participated in any of these breaches. On the contrary, the Trustee alleges the Individual Defendants

8

conspired *with Goodman* to *exploit* Frinzi's stupidity by *causing* him to honor and subsequently settle 18920's redemption demand. The Court has already rejected the Trustee's argument that these facts support a claim for "knowing participation" in Frinzi's breaches of his fiduciary duties, and the Amended Complaint contains no new allegations that correct the fundamental deficiencies of this claim.

### C. Zakharyayev is immune from liability related to work he performed as 18920's attorney.

Third, and finally, the Trustee's "knowing participation" claim against Zakharyayev fails because it arises out of conduct Zakharyayev undertook in his capacity as an attorney for 18920. The Supreme Court of Texas has held that attorneys are immune from civil liability to non-clients based on "the kind of conduct' attorneys undertake while discharging their professional duties to a client." *Taylor v. Tolbert*, 644 S.W.3d 637, 646 (Tex. 2022). "The common-law attorney-immunity defense applies to lawyerly work in "all adversarial contexts in which an attorney has a duty to zealously and loyally represent a client," including in transactional settings like the one here. *Id.* The Amended Complaint expressly bases its claim against Zakharyayev on the role he played "negotiating and papering the transaction with Frinzi." (ECF 23 at ¶ 130.) Both tasks were performed in Zakharyayev's capacity as a lawyer on behalf of 18920, and involved the use of his skills as an attorney. (*Id.*) As a result, he is immune from the Trustee's claim. *Taylor v. Tolbert*, 644 S.W.3d 637, 646 (Tex. 2022); *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477 (Tex. 2015).

## V. CONCLUSION

As discussed above, the Trustee has yet again failed to state a claim for knowing participation against either of the Individual Defendants. As a result, this Court should dismiss Count 7 of the Amended Complaint with prejudice.

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

By: *s/ Michael Cancienne*
    Michael Cancienne
    State Bar No. 24046330
    Joseph ("Jeb") W. Golinkin II
    State Bar No. 24087596
    1980 Post Oak Blvd., Ste. 2300
    Houston, Texas 77056
    713-955-4020 (Telephone)
    713-955-9644 (Fax)
    mcancienne@jlcfirm.com
    jgolinkin@jlcfirm.com

    ATTORNEYS FOR STEVEN ZAKHARYAYEV AND EVELINA PINKASHOVA

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 5th day of March, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all counsel of record in this case.

                        */s/ Michael Cancienne*
                        Michael Cancienne