**JORDAN, LYNCH & CANCIENNE PLLC**
Michael Cancienne (SBN 24055256)
Joseph W. Golinkin II (SBN 24087596)
1980 Post Oak Blvd., Ste. 2300
Houston, Texas 77056
Telephone: 713.955.4025

*Counsel for Steven Zakharyayev*
*And Evelina Pinkhasova*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |
|---|---|
| SCOTT M. SEIDEL, TRUSTEE; and GNET ATC, LLC | Case No. 22-31641-mvl-7 |
| *Plaintiffs,* <br> v. | Adversary Proceeding No. 23-03072-mvl |
| 18920 N 11th. LLC; JAMES GOODMAN; JAMES FRINZI; STEVEN ZAKHARYAYEV; EVELINA PINKHASOVA; PEOPLE NQ INC.; JJC & PEOPLE LLC; GDMN FAMILY INVESTMENTS 2, LLC, | |
| *Defendants.* | |

## DEFENDANTS STEVEN ZAKHARYAYEV AND EVELINA PINKASHOVA'S REPLY IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendants Steven Zakharyayev and Evelina Pinkhasova ("the Individual Defendants") file this Reply in Support of their Motion to Dismiss Count 7 of Plaintiffs Scott Seidel, the Trustee, and GNET ATC, LLC's (together, "the Trustee") Amended Complaint (ECF 23) under Rule 12 of the Federal Rules of Civil Procedure.

A.    **The Trustee failed to allege the Individual Defendants knew
Frinzi had fiduciary duties to Debtor and GNET.**

In his Response, the Trustee acknowledges that it does not specifically allege that either Zakharyayev or Pinkhasova knew about Frinzi's fiduciary relationship. (ECF 30 at ¶10.) The Trustee nevertheless argues that it can reasonably infer that they knew Frinzi owed fiduciary duties to the Debtor and/or GNET because the Complaint "alleges that both Movants knowingly participated in Frinzi's breaches" and "they could not have done that without knowing of the duties in the first place." (*Id.* at ¶11.) The Trustee further argues that the Court should give them a pass because "Movants knew that they were transacting with the Chief Executive Officer of the Debtor and of GNET, meaning the law imposes on them the knowledge that Frinzi owed fiduciary duties to the entities." (*Id.*)

The Trustee's argument is radical and would gut the law's imposition of a specific knowledge requirement. The fact that the Individual Defendants knew that they were dealing with an executive is not the same as alleging they knew they were dealing with someone that had fiduciary duties, much less what those duties were or to whom they owed them. The law does no such thing, and the Court cannot "infer" specific knowledge of specific fiduciary duties simply because the Individual Defendants may have known that they were negotiating with an executive of their counterpart.

**B.      The Trustee does not allege the Individual Defendants knowingly participated in Frinzi's breaches of fiduciary duty.**

This Court has correctly rejected the Trustee's attempt to use civil conspiracy to make the Individual Defendants jointly and severally liable for Frinzi's breaches of fiduciary duty because they did not conspire *with* Frinzi to breach those duties. The Trustee now acknowledges that it seeks to accomplish the *exact same thing* by alleging that the Individual Defendants "knowingly participated" in Frinzi's conduct by working with Goodman. That is, the Trustee submits that "knowing participation" allows him to substantially expand the scope of liability. No court in this state, be it state or federal, has *ever* allowed the extension of  joint and several liability for a breach of fiduciary duty in a case where a party *did not actually work with or directly participate in the breach itself*. This Court should not be the first.

**C.      Zakharyayev is immune from liability related to work he performed as 18920's attorney.**

Finally, the Trustee can maintain its claims against Zakharyayev because the Individual Defendants "provide no analysis of which state's laws" would apply to the attorney immunity defense. That is, the Trustee bizarrely argues that Zakharyayev is not entitled to attorney immunity because he is only licensed to practice law in New York and Florida. The notion that Florida or New York law could apply to  an affirmative defense to a cause of action asserted under Texas law is absurd.

In the end, the only relevant question is whether the Trustee's claim against Zakharyayev arise out of "the kind of conduct' attorneys undertake while discharging their professional duties to a client." *Taylor v. Tolbert*, 644 S.W.3d 637, 646 (Tex.

3

2022). The Amended Complaint expressly bases its claim against Zakharyayev on the role he played "negotiating and papering the transaction with Frinzi" on behalf of a company 18920 which Plaintiffs allege was controlled by his wife. (ECF 23 at ¶ 130.) This plainly involved the use of his skills as an attorney, and he is therefore immune from the Trustee's claim. *Taylor v. Tolbert*, 644 S.W.3d 637, 646 (Tex. 2022); *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477 (Tex. 2015).

## CONCLUSION

As discussed above, the Trustee has yet again failed to state a claim for knowing participation against either of the Individual Defendants. As a result, this Court should dismiss Count 7 of the Amended Complaint with prejudice.

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

By: *s/ Jeb Golinkin*
        Michael Cancienne
        State Bar No. 24046330
        Joseph ("Jeb") W. Golinkin II
        State Bar No. 24087596
        1980 Post Oak Blvd., Ste. 2300
        Houston, Texas 77056
        713-955-4020 (Telephone)
        713-955-9644 (Fax)
        mcancienne@jlcfirm.com
        jgolinkin@jlcfirm.com

ATTORNEYS FOR STEVEN
ZAKHARYAYEV AND EVELINA
PINKASHOVA

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of April, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all counsel of record in this case.

*/s/ Jeb Golinkin*
Joseph W. Golinkin II