**JORDAN, LYNCH & CANCIENNE PLLC**
Michael Cancienne (SBN 24055256)
Joseph W. Golinkin II (SBN 24087596)
1980 Post Oak Blvd., Ste. 2300
Houston, Texas 77056
Telephone: 713.955.4025

***Counsel for Steven Zakharyayev***
***And Evelina Pinkhasova***

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| SCOTT M. SEIDEL, TRUSTEE; and GNET ATC, LLC | Case No. 22-31641-mvl-7 |
| *Plaintiffs,* | |
| v. | |
| The Individual Defendants N 11th, LLC; JAMES GOODMAN; JAMES FRINZI; STEVEN ZAKHARYAYEV; EVELINA PINKASOVA; PEOPLE NQ INC.; JJC & PEOPLE LLC; GDMN FAMILY INVESTMENTS 2, LLC, | Adversary Proceeding No. 23-0372-mvl |
| *Defendants.* | |

### DEFENDANTS STEVEN ZAKHARYAEV AND EVELINA PINKHASOVA'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendants Steven Zakharyayev and Evelina Pinkhasova ("The Individual Defendants") submit their Answer to Plaintiffs' Amended Complaint. Except as otherwise expressly admitted, The Individual Defendants deny each and every allegation contained in Plaintiffs' Amended Complaint.

## INTRODUCTION

1.      The Individual Defendants deny the allegations contained in Paragraph 1.

2.      The Individual Defendants deny the allegations contained in Paragraph 2.

3.      The Individual Defendants deny the allegations contained in Paragraph 3.

4.      Paragraph 4 does not contain factual allegations, and therefore no response to this paragraph is required. To the extent a response is deemed required, The Individual Defendants deny any allegations contained in Paragraph 4.

## PROCEDURAL BACKGROUND

5.      Upon information and belief, The Individual Defendants admit the allegations contained in Paragraph 5.

6.      Upon information and belief, The Individual Defendants admit the allegations contained in Paragraph 6.

7.      Upon information and belief, The Individual Defendants admit the allegations contained in Paragraph 7.

8.      The first two sentences of Paragraph 8 do not contain factual allegations, and therefore no response to these sentences is required. The third sentence of Paragraph 8 contains the Trustee's consent to entry of a final judgment, and therefore is likewise not an allegation that The Individual

Defendants can admit or deny. To the extent a response is deemed to be required for Paragraph 8, The Individual Defendants deny the allegations contained in Paragraph 8.

9.     Paragraph 9 consists of a legal conclusion to which The Individual Defendants is not required to admit or deny. To the extent a response is deemed to be required, The Individual Defendants respond that upon information and belief, they believe that venue is proper.

## PARTIES

10.     Upon information and belief, The Individual Defendants admit that the Trustee is the Chapter 7 trustee of the Debtor. The capacity in which the Trustee is filing this lawsuit is not an allegation that The Individual Defendants can admit or deny, and The Individual Defendants lack sufficient information to admit or deny this statement in any event.

11.     The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, therefore, deny those allegations.

12.     The Individual Defendants admit the allegations contained in Paragraph 12.

13.     The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, deny those allegations.

14.     The Individual Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, therefore, deny those allegations.

15.     The Individual Defendants admit the allegations contained in Paragraph 15.

16.     The Individual Defendants admit the allegations contained in Paragraph 16.

17.     The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, therefore, deny those allegations.

18.     The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, deny those allegations.

19.     The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, deny those allegations.

## "Facts"

20.     Upon information and belief, The Individual Defendants admit that Frinzi was the Chief Executive Officer of the Debtor at the relevant times described in the amended complaint. Frinzi's fiduciary obligations to the Debtor is a legal question, and therefore is not an allegation to which The Individual Defendants can respond. To the extent a response is deemed required, The Individual Defendants deny the assertion.

4

21.    Upon information and belief, The Individual Defendants admit that Frinzi was the Chief Executive Officer of GNET at the relevant times described in the amended complaint. Frinzi's fiduciary obligations to GNET is a legal question, and therefore is not an allegation to which The Individual Defendants can respond. To the extent a response is deemed required, The Individual Defendants deny the assertion.

22.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, deny those allegations.

23.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, deny those allegations.

24.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, deny those allegations.

25.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, deny those allegations.

26.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, deny those allegations.

27.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, deny those allegations.

28.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, deny those allegations.

29.    The Individual Defendants admit the allegations contained in Paragraph 29.

30.    The Individual Defendants admit the allegations contained in Paragraph 30.

31.    The Individual Defendants deny the allegations contained in Paragraph 31.

32.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, therefore, deny those allegations.

33.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, therefore, deny those allegations.

34.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, deny those allegations.

35.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, therefore, deny those allegations.

36.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and therefore deny the allegations. The Third Amended and Restated Certificate of Formation is a written document whose terms speak for itself.

37.    The Individual Defendants lack knowledge or information sufficient to form a belief as to whether the "Debtor's audited financial statements for the year ending December 31, 2020, the year in which the mandatory redemption obligation was removed, do not reflect a liability for accrued and unpaid mandatory redemption of preferred stock" and therefore deny this allegation. Otherwise, The Individual Defendants deny the allegations contained in Paragraph 37.

38.    The Individual Defendants admit the allegations contained in Paragraph 38.

39.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, deny those allegations.

40.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, therefore, deny those allegations.

41.    The Individual Defendants admit that 18920 was presented with an opportunity to purchase preferred shares of Goodman Networks from three entities that were owned and controlled by James Goodman. The Individual Defendants deny that "18920 was identified by Zakharyayev as the entity that would purchase the Transaction Shares" and also deny that Zakharyayev was a third party to purchase the transaction shares. Finally, The Individual Defendants lack knowledge or information to form a belief as to the truth about who identified 18920 to be the third party to purchase the Transaction Shares or who proposed to Goodman that he seek to sell some or all of the Series A-1 Preferred Stock held by the Goodman Entities; thus, The Individual Defendants deny those allegations.

42.    Paragraph 42 does not identify which "various of other Defendants" it is referring to, but to the extent Paragraph 42 purports to allege that The Individual Defendants "implemented the plan in a nefarious manner, employing concealment and misleading documents in an attempt to 'paper up' something it knew to be nefarious and tortious," The Individual Defendants deny those allegations as well as the remainder of the allegations contained in Paragraph 42.

43.    The Individual Defendants admit the allegations contained in Paragraph 43.

44.    The Individual Defendants admit the allegations contained in Paragraph 44.

45.    The Individual Defendants admit the allegations contained in Paragraph 45.

46.    The Individual Defendants admit the allegations contained in Paragraph 46.

47.    The Individual Defendants admit the allegations contained in Paragraph 47.

48.    The Individual Defendants deny the allegations contained in Paragraph 48.

49.    The Individual Defendants deny the allegations contained in Paragraph 49.

50.    The Individual Defendants deny the allegations contained in Paragraph 50.

51.    The Individual Defendants admit that it agreed to settle The Individual Defendants' redemption demand in exchange for the $50 Million Note. The Individual Defendants deny that Frinzi did not have the corporate authority to bind the Debtor to the $50 Million Note. The Individual Defendants does not know what Trustee has or has not been provided or is or

is not aware of, and therefore deny the remainder of the allegations in Paragraph 51.

52.     The Individual Defendants admit that on March 10, 2022, 18920 and Debtor executed the Settlement Agreement. The Individual Defendants deny the remainder of the allegations contained in Paragraph 52.

53.     The Individual Defendants admit that the Settlement Agreement states that The Individual Defendants holds the $50 Million Note. The Individual Defendants deny that the Settlement Agreement "had not been signed."

54.     The Settlement Agreement is a written document that speaks for itself. To the extent Paragraph 54 contains factual allegations, The Individual Defendants admit that 18920 entered into the Settlement Agreement.

55.     The Individual Defendants deny the allegations contained in Paragraph 55.

56.     The Individual Defendants deny the allegations contained in Paragraph 56.

57.     The Individual Defendants deny the allegations contained in Paragraph 57.

58.     The Individual Defendants deny the allegations contained in Paragraph 58.

59.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and, therefore, deny those allegations.

60.    Paragraph 60 does not contain factual allegations, and therefore no response to these sentences is required. To the extent a response is deemed to be required for Paragraph 60, The Individual Defendants deny the allegations contained in Paragraph 60.

61.    The Individual Defendants deny the allegations contained in Paragraph 61.

62.    The Individual Defendants admit that "[i]n April, 2022, Zakharyayev and Frinzi exchanged a revised version of the Settlement Agreement which included the transfer of a $4.5 million note payable by Multiband Global Resources, LLC to Multiband Field Services, Inc." The Individual Defendants lack sufficient knowledge to either admit or deny whether Frinzi owned this company. The Individual Defendants deny the remainder of the allegations contained in Paragraph 62.

63.    The Individual Defendants admit that 18920 paid the Goodman Entities $10 million but deny the remainder of the allegations contained in Paragraph 63.

64.    The Individual Defendants cannot either admit or deny the allegations contained in Paragraph 64 because the nature of the allegations are not clear, and the allegations are therefore denied.

11

65.     The Individual Defendants deny the allegations contained in Paragraph 65.

66.     The Individual Defendants deny the allegations contained in Paragraph 66.

67.     The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67, and, therefore, deny those allegations.

68.     The Individual Defendants deny that Debtor was insolvent. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 68 and, therefore, deny those allegations.

69.     The Individual Defendants deny the allegations contained in Paragraph 69.

70.     The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70, and, therefore, deny those allegations.

71.     The Individual Defendants deny the allegations contained in Paragraph 71.

72.     The Individual Defendants deny the allegations contained in Paragraph 72.

73.     The Individual Defendants admit the allegations contained in Paragraph 73.

74.   The Individual Defendants deny the allegations contained in Paragraph 74.

75.   The Individual Defendants deny the allegations contained in Paragraph 75.

76.   The Individual Defendants deny the allegations contained in Paragraph 76.

77.   The Individual Defendants admit that the Purchase Agreements contain the language quoted in Paragraph 77. Otherwise, The Individual Defendants deny the allegations contained in Paragraph 77.

78.   The Individual Defendants deny the allegations contained in Paragraph 78.

79.   The Individual Defendants deny the allegations contained in Paragraph 79.

80.   The Individual Defendants deny the allegations contained in Paragraph 80.

81.   The Individual Defendants deny the allegations contained in Paragraph 81.

82.   The Individual Defendants deny the allegations contained in Paragraph 82.

83.   The Individual Defendants deny the allegations contained in Paragraph 83.

84.     The Individual Defendants deny the allegations contained in Paragraph 84.

## CAUSES OF ACTION

### Count I

85.     This cause of action is not directed at The Individual Defendants. Nevertheless, The Individual Defendants deny the allegations contained in Paragraph 85, except as expressly admitted above.

86.     The Individual Defendants deny the allegations contained in Paragraph 86.

87.     The Individual Defendants deny the allegations contained in Paragraph 87.

88.     The Individual Defendants deny the allegations contained in Paragraph 88.

89.     The Individual Defendants deny the allegations contained in Paragraph 89.

90.     The Individual Defendants deny the allegations contained in Paragraph 90.

91.     The Individual Defendants deny the allegations contained in Paragraph 91.

## Count II

92.      This cause of action is not directed at The Individual Defendants. Nevertheless, The Individual Defendants deny the allegations contained in Paragraph 92, except as expressly admitted above.

93.      Paragraph 93 contains a legal conclusion to which no response is required.   To the extent that a response is deemed to be required, The Individual Defendants deny any allegations contained in Paragraph 93.

94.      The Individual Defendants lack sufficient knowledge to either admit or deny the allegations contained in Paragraph 94 and, therefore, deny those allegations.

95.      The Individual Defendants deny the allegations contained in Paragraph 95.

96.      The Individual Defendants deny the allegations contained in Paragraph 96.

97.      The Individual Defendants deny the allegations contained in Paragraph 97.

98.      The Individual Defendants deny the allegations contained in Paragraph 98.

99.      The Individual Defendants deny the allegations contained in Paragraph 99.

100.      The Individual Defendants deny the allegations contained in Paragraph 100.

101.    The Individual Defendants deny the allegations contained in Paragraph 101.

## **Count III**

102.    This cause of action is not directed at The Individual Defendants. Nevertheless, The Individual Defendants deny the allegations contained in Paragraph 102, except as expressly admitted above.

103.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and, therefore, deny those allegations.

104.    The Individual Defendants deny the allegations contained in Paragraph 104.

105.    The Individual Defendants deny the allegations contained in Paragraph 105.

106.    The Individual Defendants deny the allegations contained in Paragraph 106.

107.    The Individual Defendants deny the allegations contained in Paragraph 107.

108.    The Individual Defendants deny the allegations contained in Paragraph 108.

109.    The Individual Defendants deny the allegations contained in Paragraph 109.

## Count IV

110.   This cause of action is not directed at The Individual Defendants. Nevertheless, The Individual Defendants deny the allegations contained in Paragraph 110, except as expressly admitted above.

111.   The Individual Defendants deny the allegations contained in Paragraph 111.

112.   The Individual Defendants deny the allegations contained in Paragraph 112.

113.   The Individual Defendants deny the allegations contained in Paragraph 113.

114.   The Individual Defendants deny the allegations contained in Paragraph 114.

115.   The Individual Defendants deny the allegations contained in Paragraph 115.

## Count V[1]

116.   This cause of action is not directed at The Individual Defendants. Nevertheless, The Individual Defendants deny the allegations contained in Paragraph 116, except as expressly admitted above.

117.   Frinzi's fiduciary obligations to the Debtor is a legal question, and therefore is not an allegation to which The Individual Defendants can respond.

---

[1] Although this claim does not directly impact The Individual Defendants, it denies the allegations in abundance of caution.

To the extent a response is deemed required, The Individual Defendants deny the assertion.

118.   The Individual Defendants deny the allegations contained in Paragraph 118.

119.   The Individual Defendants deny the allegations contained in Paragraph 119.

120.   The Individual Defendants deny the allegations contained in Paragraph 120.

121.   The Individual Defendants deny the allegations contained in Paragraph 121.[2]

## **Count VI[3]**

122.   This cause of action is not directed at The Individual Defendants. Nevertheless, The Individual Defendants deny the allegations contained in Paragraph 122, except as expressly admitted above.

123.   Frinzi's fiduciary obligations to the Debtor is a legal question, and therefore is not an allegation to which The Individual Defendants can respond. To the extent a response is deemed required, The Individual Defendants deny the assertion.

---

[2] In an abundance of caution, The Individual Defendants deny the assertion set forth in footnote five of the Trustee's Amended Complaint.

[3] Although this claim does not directly impact The Individual Defendants, it denies the allegations in abundance of caution.

124.    The Individual Defendants deny the allegations contained in Paragraph 124.

125.    The Individual Defendants deny the allegations contained in Paragraph 125.

126.    The Individual Defendants deny the allegations contained in Paragraph 126.

## Count VII

127.    The Individual Defendants deny the allegations contained in Paragraph 127, except as expressly admitted above.

128.    Paragraph 128 contains a legal conclusion to which no response is required.  To the extent that a response is deemed to be required, The Individual Defendants deny any allegations contained in Paragraph 128.

129.    The Individual Defendants deny the allegations contained in Paragraph 129.

130.    The Individual Defendants deny the allegations contained in Paragraph 130.

131.    The Individual Defendants deny the allegations contained in Paragraph 131.

132.    The Individual Defendants deny the allegations contained in Paragraph 132.

133.    The Individual Defendants deny the allegations contained in Paragraph 133.

134.    The Individual Defendants deny the allegations contained in Paragraph 134.

## Count VIII

135.    The Individual Defendants deny the allegations contained in Paragraph 135, except as expressly admitted above.

136.    Paragraph 136 contains a legal conclusion to which no response is required.  To the extent that a response is deemed to be required, The Individual Defendants deny any allegations contained in Paragraph 136.

137.    The Individual Defendants deny the allegations contained in Paragraph 137.

138.    The Individual Defendants deny the allegations contained in Paragraph 138.

139.    The Individual Defendants deny the allegations contained in Paragraph 139.

140.    The Individual Defendants deny the allegations contained in Paragraph 140.

141.    The Individual Defendants deny the allegations contained in Paragraph 141.

142.    The Individual Defendants deny the allegations contained in Paragraph 142.

143.    The Individual Defendants deny the allegations contained in Paragraph 143.

144.    The Individual Defendants deny the allegations contained in Paragraph 144.

## THE INDIVIDUAL DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

1.    Plaintiffs have failed to state a claim against The Individual Defendants upon which relief can be granted.

2.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, acquiescence, waiver, equitable estoppel, and unclean hands.

3.    Plaintiffs' claims are barred, in whole or in part, because some or all of Plaintiffs lack standing to bring these claims.

4.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

5.    The Individual Defendants acted reasonably and in good faith at all times.

6.    The costs, damages, and penalties the Plaintiffs seek to recover or impose are unreasonable, excessive, arbitrary, and capricious.

7.    The Plaintiffs are not entitled to recover attorneys' fees or costs, or fees of litigation.

8.    The Individual Defendants reserves the right to plead additional defenses as may be appropriate depending upon facts later revealed during discovery.

## THE INDIVIDUAL DEFENDANTS' REQUEST FOR RELIEF

WHEREFORE, The Individual Defendants pray that Plaintiffs' claims be dismissed, and that this Court award The Individual Defendants their costs and reasonable attorneys' fees in defending against Plaintiffs' claims, and award such other and further relief to which The Individual Defendants may be justly entitled.

## DEMAND FOR JURY TRIAL

The Individual Defendants hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

By: _Joseph W. Golinkin II_
Michael Cancienne
State Bar No. 24046330
Joseph ("Jeb") W. Golinkin II
State Bar No. 24087596
1980 Post Oak Blvd., Ste. 2300
Houston, Texas 77056
713-955-4020 (Telephone)
713-955-9644 (Fax)
mcancienne@jlcfirm.com
jgolinkin@jlcfirm.com

ATTORNEYS FOR The Individual Defendants NW 11th, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of May, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all counsel of record in this case.

*/s/ Jeb Golinkin*
Joseph W. Golinkin II