**JORDAN, LYNCH & CANCIENNE PLLC**
Michael Cancienne (SBN 24055256)
Joseph W. Golinkin II (SBN 24087596)
Brittainie J. Zinsmeyer (SBN 24115981)
1980 Post Oak Blvd., Ste. 2300
Houston, Texas 77056
Telephone: 713.955.4025

*Counsel for 18920 NW 11th LLC,*
*Steven Zakharyayev,*
*and Evelina Pinkhasova*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SCOTT M. SEIDEL, TRUSTEE; and GNET ATC, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>18920 NW 11th, LLC; JAMES GOODMAN; JAMES FRINZI; STEVEN ZAKHARYAYEV; EVELINA PINKHASOVA; PEOPLE NQ INC.; JJC & PEOPLE LLC; GDMN FAMILY INVESTMENTS 2, LLC,<br><br>*Defendants.* | Case No. 22-31641-mvl-7<br><br><br><br>Adversary Proceeding No. 23-03072-mvl |

## DEFENDANT 18920 N 11TH, LLC'S FIRST AMENDED OBJECTIONS AND RESPONSES TO TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION

To: Trustee, Scott M. Seidel, by and through his attorneys of record, Davor Rukavina, Esq., Thomas D. Berghman, Esq., Julian P. Vasek, Esq., and Conor P. White, Esp., Munsch Hardt Kopf & Harr, P.C., 500 N. Akard Street, Suite 4000, Dallas, Texas 75201.

18920 NW 11th, LLC ("18920"), Defendant in this Adversary Proceeding, hereby serves upon Scott M. Seidel ("Trustee"), Plaintiff in this Adversary Proceeding, this the *Defendant 18920 NW 11th, LLC's First Amended Objections and Responses to Trustee's First Set of Requests*

Trustee's
Exhibit 1

*for Production* (the "Requests") pursuant to Rule 34 of the Federal Rules of Civil Procedure as follows.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. 18920 objects to the instructions and requests to the extent they require 18920 to produce documents outside his possession, custody, or control, and go beyond the requirements provided for by Federal Rule of Civil Procedure 34. *See Harper v. City of Dall., Tex.*, No. 3:14-CV-2647-M, 2017 WL 3674830, at *17 (N.D. Tex. Aug. 25, 2017) (discussing the scope of Rule 34's definition of "possession, custody, or control"). 18920 will produce documents in his possession, custody, or control, as contemplated by the Federal Rules of Civil Procedure.

2. 18920 objects to the instructions and requests to the extent references to 18920 or any other party or entity include that entity's employees, officers, directors, agents, representatives, members, attorneys, departments, sections, affiliates, subsidiaries, parents, and all other persons acting on its behalf. To the extent a request references a particular entity, 18920 intends to respond based solely on the entity itself, and not the laundry list of other agents, representatives, or other related entities listed.

3. 18920 objects to the definition of the term "Document(s)" to the extent it exceeds the ordinary use of the term and that which is contemplated by Federal Rule of Civil Procedure 34 and in that it is overbroad as defined. 18920 will therefore respond to these requests which reference or seek "Document(s)" in accordance with the ordinary use of the term and the Federal Rules of Civil Procedure.

4. 18920 objects to the definition of "GDMN" to the extent it includes its present and former parents, subsidiaries, affiliates, agents, employees, representatives, assigns, attorneys, predecessors-in-interest, or all others acting on its behalf. 18920 will respond to requests referencing "GDMN" as only the entity GDMN Family Investments 2, LLC.

5. 18920 objects to the definition of "GDMN" to the extent it includes its present and former parents, subsidiaries, affiliates, agents, employees, representatives, assigns, attorneys, predecessors-in-interest, or all others acting on its behalf. 18920 will respond to requests referencing "GDMN" as only the entity GDMN ATC, LLC.

6. 18920 objects to the definition for "You" and "Your" as it includes responses on behalf of its present and former parents, subsidiaries, affiliates, agents, employees, representatives, assigns, attorneys, predecessor-in-interest, and all other persons or entities acting on its behalf. 18920 will respond to requests referencing "You" or "Your" as referencing only 18920.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.** Any and all bank statements for any bank accounts held in Your name or for Your benefit since January 1, 2021 through the present.

**RESPONSE:** 18920 objects to this request as overbroad as it seeks documents from a timeframe prior to any alleged misconduct in this case and is harassing because the documents requested may contain commercial business information. 18920 also objects to this request to the extent it seeks documents not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 2.** Each of your corporate governance documents, including limited liability agreement, bylaws, agreements of members, resolutions, member consents, or any other document that governs You as an artificial entity, including any amendment or supplement thereof.

**RESPONSE:** 18920 will produce responsive documents, if any, located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 3.** Each of your Financial Documents for any period of time beginning January 1, 2021.

**RESPONSE:** 18920 objects to this request as overbroad as it seeks documents from a timeframe prior to any alleged misconduct in this case and is harassing because the documents requested may contain commercial business information. 18920 also objects to this request to the extent it seeks documents not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 4.** Each tax return filed by You at any time since January 1, 2021 with any taxing authority, including any Kl, K2. or W2 issued by You.

**RESPONSE:** 18920 objects to this request as overbroad as it seeks documents from a timeframe prior to any alleged misconduct in this case. 18920 also objects to this request to the extent it seeks documents not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 5.** Each of the Purchase Agreements, and any drafts thereof or amendments thereto.

**RESPONSE:** 18920 has produced responsive documents located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 6.** All Communications and Documents related to. referring to, or referencing any negotiations of, or drafting of, or execution of, or performance under, the Purchase Agreements, including the quantities of shares or stock acquired thereunder and the price(s) paid thereunder.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client or work product privileges. Subject to the foregoing,

3

18920 will produce responsive documents. 18920 is not producing privileged, responsive documents or communications involving undersigned counsel.

**REQUEST FOR PRODUCTION NO. 7.** The Redemption Notice, and any drafts thereof or amendments thereto.

**RESPONSE:** 18920 has produced responsive documents located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 8.** All Communications and Documents related to, referring to, or referencing any negotiations of, or drafting of, or execution of, or performance under, the Redemption Notice.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client or work product privileges. Subject to the foregoing, 18920 has produced responsive documents located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it will supplement in accordance with Federal Rules of Civil Procedure. 18920 is not producing privileged, responsive documents or communications involving undersigned counsel.

**REQUEST FOR PRODUCTION NO. 9.** The Promissory Note, and any drafts thereof or amendments thereto.

**RESPONSE:** 18920 has produced responsive documents located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it will supplement in accordance with Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 10.** All Communications and Documents related to referring to, or referencing any negotiations of, or drafting of, or execution of. or performance under, the Promissory Note.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client, common interest, joint defense, or work product privileges. Subject to the foregoing, 18920 will produce responsive documents, if any, located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it will supplement in accordance with Federal Rules of Civil Procedure. 18920 is not producing privileged, responsive documents or communications involving undersigned counsel.

**REQUEST FOR PRODUCTION NO. 11.** The Settlement Agreement, and any drafts thereof or amendments thereto.

**RESPONSE:** 18920 has produced responsive documents located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 12.** All Communications and Documents related to, referring to, or referencing any negotiations of. or drafting of, or execution of, or performance under, the Settlement Agreement.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client, common interest, joint defense, or work product privileges. Subject to the foregoing, 18920 has produced responsive documents located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it will supplement in accordance with Federal Rules of Civil Procedure. 18920 is not producing privileged, responsive documents or communications involving undersigned counsel.

**REQUEST FOR PRODUCTION NO. 13.** All Communications and Documents related to, referring to, or referencing any payment or transfer by You for the Transaction Shares or pursuant to the Purchase Agreements, including any such payment or transfer to Goodman, JJC, GDMN, and People, or to any other person for or on behalf of any of the foregoing.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client, common interest, joint defense, or work product privileges. Subject to the foregoing, 18920 has produced responsive documents located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it will supplement in accordance with Federal Rules of Civil Procedure. 18920 is not producing privileged, responsive documents or communications involving undersigned counsel.

**REQUEST FOR PRODUCTION NO. 14.** Any Document that You contend or assert provided for the redemption of the Transaction Shares the subject of the Redemption Notice as of March, 2022.

**RESPONSE:** 18920 has produced responsive documents located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 15.** All Communications and Documents related to any due diligence undertaken by you or by any person on your behalf related to the Purchase Agreements, the Redemption Notice, or Your acquisition of stock or shares of the Debtor, including: (i) all such Communications and Documents provided to you by the Debtor. Frinzi, or Goodman; (ii) all such Communications and Documents created internally by your or created for you; and (iii) all such Communications and Documents relied on by You in deciding to enter into the Purchase Agreements or sending the Redemption Notice.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client or work product privileges. Subject to the foregoing, 18920 has produced responsive documents located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it will supplement in accordance with Federal Rules of Civil Procedure. 18920 is not producing privileged, responsive documents or communications involving undersigned counsel.

**REQUEST FOR PRODUCTION NO. 16.** All Communications and Documents related to or evidencing the transfer of any stock or shares of the Debtor to You or to any other person at Your direction or assignment. including the Transaction Shares.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client, common interest, joint defense, or work product privileges. Subject to the foregoing, 18920 has produced responsive documents located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it

will supplement in accordance with Federal Rules of Civil Procedure. 18920 is not producing privileged, responsive documents or communications involving undersigned counsel.

**REQUEST FOR PRODUCTION NO. 17.** All Documents and Communications between You and the Debtor at any time related to, referencing, or referring to the Debtor. GNET. the Transaction Shares, the Purchase Agreements, the Redemption Notice, the Promissory Note, the Settlement Agreement, any Transfer pursuant to any of the foregoing, or any performance or lack thereof of any party under any of the foregoing.

**RESPONSE:** 18920 has produced responsive documents located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it will supplement in accordance with Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 18.** All Documents and Communications between You and Frinzi at any time related to, referencing, or referring to the Debtor, GNET, the Transaction Shares, the Purchase Agreements, the Redemption Notice, the Promissory Note, the Settlement Agreement, any Transfer pursuant to any of the foregoing, or any performance or lack thereof of any party under any of the foregoing.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client, common interest, joint defense, or work product privileges. Subject to the foregoing, 18920 has produced responsive documents located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it will supplement in accordance with Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 19.** All Documents and Communications between You and GNET at any time related to, referencing, or referring to the Debtor, GNET, the Transaction Shares, the Purchase Agreements, the Redemption Notice, the Promissory Note, the Settlement Agreement, any Transfer pursuant to any of the foregoing, or any performance or lack thereof of any party under any of the foregoing.

**RESPONSE:** 18920 has produced responsive documents, if any, located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it will supplement in accordance with Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 20.** All Documents and Communications between You and Goodman at any time related to, referencing, or referring to the Debtor, GNET, the Transaction Shares, the Purchase Agreements, the Redemption Notice, the Promissory Note, the Settlement Agreement, any Transfer pursuant to any of the foregoing, or any performance or lack thereof of any party under any of the foregoing.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client, common interest, joint defense, or work product privileges. Subject to the foregoing, 18920 has produced responsive documents located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it will supplement in accordance with Federal Rules of Civil Procedure. 18920 will not produce privileged, responsive documents involving undersigned counsel.

**REQUEST FOR PRODUCTION NO. 21.** All Documents and Communications between You and GDMN, JJC. or People at any time related to. referencing, or referring to the Debtor, GNET, the Transaction Shares, the Purchase Agreements, the Redemption Notice, the Promissory Note, the Settlement Agreement, any Transfer pursuant to any of the foregoing, or any performance or lack thereof of any party under any of the foregoing.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client, common interest, joint defense, or work product privileges. Subject to the foregoing, 18920 has produced responsive documents located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it will supplement in accordance with Federal Rules of Civil Procedure. 18920 will not produce privileged, responsive documents involving undersigned counsel.

**REQUEST FOR PRODUCTION NO. 22.** All Documents and Communications between You and any person not identified in Requests 17 through 21 above at any time related to, referencing, or referring to the Debtor, GNET, the Transaction Shares, the Purchase Agreements, the Redemption Notice, the Promissory Note, the Settlement Agreement, any Transfer pursuant to any of the foregoing, or any performance or lack thereof of any party under any of the foregoing, including Shalom Auerbach, Neil Auerbach, or John Goodman. You may exclude from this Request, without privilege log. any Documents and Communications after the date of the filing of this Adversary Proceeding and all mediation Documents and Communications.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client, work product, common interest, or joint defense privileges. 18920 also objects to this request as overbroad in that it does not specify an applicable timeframe, instead including "any time" and to the extent it is duplicative of Request for Production No. 20. Subject to the foregoing, 18920 has produced responsive documents, if any, located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it will supplement in accordance with Federal Rules of Civil Procedure. 18920 will not produce privileged, responsive documents involving undersigned counsel.

**REQUEST FOR PRODUCTION NO. 23.** All Documents and Communications relating to, referring to, or evidencing any Transfer by You of any property to Zakharyayev since January 1, 2021, including by way of loan, dividend, distribution, or reimbursement.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client, work product, common interest, or joint defense privileges. 18920 also objects to this request as overbroad in that it seeks documents and communications from outside the timeframe of the alleged misconduct and does not specify an applicable subject matter. 18920 also objects that this request seeks document that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 24.** All Documents and Communications relating to, referring to, or evidencing any Transfer by You of any property to Pinkhasova since January 1, 2021, including by way of loan, dividend, distribution, or reimbursement.

7

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client, work product, common interest, or joint defense privileges. 18920 also objects to this request as overbroad in that it seeks documents and communications from outside the timeframe of the alleged misconduct and does not specify an applicable subject matter. 18920 also objects that this request seeks document that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 25.** All Documents and Communications relating to, referring to, or evidencing any Transfer or investment You made from any of the funds received from the Debtor or GNET, including pursuant to the Settlement Agreement, including any such Transfer to Goodman, GDMN, JJC, or People, and including any assets You purchased, investments you acquired, or transfers to any person for any reason You made from such funds.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client, work product, common interest, or joint defense privileges. 18920 also objects that this request seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 26.** All Documents and Communications relating to or between You and any entity owned by, controlled by, or affiliated with Frinzi, or of which James Frinzi was an affiliate or insider, including but not limited to Multiband Global Resources, LLC, American Metals Recovery and Recycling, Inc. n/k/a MBG Holdings. Inc .. and World Conquest, LLC, including any Transfers or payments made to You by any of the same or made by You to any of the same.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client, work product, common interest, or joint defense privileges. 18920 also objects to this request as overbroad as it does not provide a relevant time frame or applicable subject matter for the documents and communications sought, and lacking in specificity as to the documents requested. Subject to the foregoing, 18920 has produced responsive documents, if any, located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it will supplement in accordance with Federal Rules of Civil Procedure. 18920 will not produce privileged, responsive documents involving undersigned counsel.

**REQUEST FOR PRODUCTION NO. 27.** All Documents and Communications relating to, referring to, or evidencing any transfer or payment made to You or to anyone else for You or on Your behalf under or pursuant to the "Licensing Agreement" referenced in the Settlement Agreement.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client, work product, common interest, or joint defense privileges. 18920 also objects that this request seeks document that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. 18920 will produce responsive documents, if any, located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 28.** All Documents and Communications relating to, referring to, or evidencing any assignment, further assignment, extension, amendment, supplement, renewal, or termination of "Licensing Agreement" referenced in the Settlement Agreement.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client, work product, common interest, or joint defense privileges. Subject to the foregoing, 18920 will produce responsive documents, if any, located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it will supplement in accordance with Federal Rules of Civil Procedure. 18920 will not produce privileged, responsive documents involving undersigned counsel.

**REQUEST FOR PRODUCTION NO. 29.** All Documents and Communications relating to, referring to, or evidencing any asset, equipment, or property, whether tangible or intangible, related to the "Licensing Agreement" referenced in the Settlement Agreement transferred or assigned to You with said Licensing Agreement. including cell towers and network equipment, and related to any disposition or present status of any such asset, equipment, or property.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client, work product, common interest, or joint defense privileges. 18920 also objects to this request as vague in the use of the term "and related to any disposition or present status" and because it is a compound request. 18920 also seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, 18920 will produce responsive documents, if any, located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it will supplement in accordance with Federal Rules of Civil Procedure. 18920 will not produce privileged, responsive documents involving undersigned counsel.

**REQUEST FOR PRODUCTION NO. 30.** All Documents and Communications evidencing or relating to a potential Transfer of a $4.500,000 note payable, for the benefit of Multi band Field Services, Inc. by Multiband Global Resources, LLC, to You, including any Transfers made in satisfaction of the same, and including any Transfers or payments made to You pursuant to the same.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client, work product, common interest, or joint defense privileges. 18920 also objects to this request as vague and lacking in specificity. Subject to the foregoing, 18920 has produced responsive documents located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it will supplement in accordance with Federal Rules of Civil Procedure. 18920 will not produce privileged, responsive documents involving undersigned counsel.

**REQUEST FOR PRODUCTION NO. 31.** All Documents and Communications relating to a revision of the Purchase Agreements executed on June 8, 2022.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client, work product, common interest, or joint defense

privileges. Subject to the foregoing, 18920 will produce responsive documents, if any, located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it will supplement in accordance with Federal Rules of Civil Procedure. 18920 will not produce privileged, responsive documents involving undersigned counsel.

**REQUEST FOR PRODUCTION NO. 32.** All insurance policies held in Your name which You were a payee or loss payee since January 1, 2021, including any director's and officer's coverage.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client, work product, common interest, or joint defense privileges. 18920 also objects to this request as overbroad as it seeks insurance policies from outside the applicable timeframe of the alleged misconduct and relating to subject matter that is not at issue, and that it seeks documents that are not relevant nor reasonably anticipated to lead to the discovery of admissible evidence. 18920 also objects to this request as it duplicates and exceeds the required disclosure of insuring agreements under Federal Rule of Civil Procedure 26. 18920 will produce documents sufficient to meet its obligations under the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 33.** All Documents and Communications related to, referring to, or asserted by You to evidence, any value or return consideration You gave to the Debtor in exchange for the Promissory Note, the Settlement Agreement, and all payments and transfers under the Settlement Agreement.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client, work product, common interest, or joint defense privileges. Subject to the foregoing, 18920 has produced responsive documents located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it will supplement in accordance with Federal Rules of Civil Procedure. 18920 will not produce privileged, responsive documents involving undersigned counsel.

**REQUEST FOR PRODUCTION NO. 34.** All Documents and Communications related to, referring to, or asserted by You to evidence, any value or return consideration You gave to GNET in exchange for the Promissory Note, the Settlement Agreement. and all payments and transfers under the Settlement Agreement.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client, work product, common interest, or joint defense privileges. Subject to the foregoing, 18920 has produced responsive documents located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it will supplement in accordance with Federal Rules of Civil Procedure. 18920 will not produce privileged, responsive documents involving undersigned counsel.

**REQUEST FOR PRODUCTION NO. 35.** All documents related to Your answer to Interrogatory No. 3 served concurrently herewith.

**RESPONSE:** 18920 objects to this request as vague and lacking in specificity as to the documents requested. 18920 also objects to this request as overbroad (*see* 18920 Am. Obj. &

Resp. to Interog. No. 3), and that it seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, none.

**REQUEST FOR PRODUCTION NO. 36.**    All Documents related to Your answer to Interrogatory No. 5 served concurrently herewith.

**RESPONSE:** 18920 objects to this request as vague in that it only references other discovery requests and is lacking in specificity as to the documents requested. Subject to the foregoing, 18920 has produced responsive documents relating to the transaction shares that were located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it will supplement in accordance with Federal Rules of Civil Procedure. 18920 will not produce privileged, responsive documents involving undersigned counsel.

**REQUEST FOR PRODUCTION NO. 37.**    All Documents related to Your answer to Interrogatory No. 6 served concurrently herewith.

**RESPONSE:** 18920 objects to this request as vague in that it only references other discovery requests and is lacking in specificity as to the documents requested. Subject to the foregoing, 18920 has produced responsive documents relating to the Debtor's documents that provided redemption rights that were located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it will supplement in accordance with Federal Rules of Civil Procedure. 18920 will not produce privileged, responsive documents involving undersigned counsel.

**REQUEST FOR PRODUCTION NO. 38.**    All Documents related to Your answer to Interrogatory No. 9 served concurrently herewith.

**RESPONSE:**  18920 objects to this request as vague in that it only references other discovery requests and is lacking in specificity as to the documents requested. Subject to the foregoing, 18920 has produced responsive documents relating to the redemption notice and the mandatory redemption provided by the preferred shares that were located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it will supplement in accordance with Federal Rules of Civil Procedure. 18920 will not produce privileged, responsive documents involving undersigned counsel.

**REQUEST FOR PRODUCTION NO. 39.**    All Documents related to Your answer to Interrogatory No. 12 served concurrently herewith.

**RESPONSE:** 18920 objects to this request as vague in that it only references other discovery requests and is lacking in specificity as to the documents requested. Subject to the foregoing, 18920 does not have any responsive documents, as no payments were made by 18920 for anything other than the Transaction Shares.

**REQUEST FOR PRODUCTION NO. 40.** All Documents related to Your answer to Interrogatory No. 14 served concurrently herewith.

**RESPONSE:** 18920 objects to this request as vague and lacking in specificity as to the documents requested. 18920 hereby incorporates its objections and responses to Interrogatory No. 14.

**REQUEST FOR PRODUCTION NO. 41.** All Documents related to Your answer to Interrogatory No. 16 served concurrently herewith.

**RESPONSE:** 18920 objects to this request as vague and lacking in specificity as to the documents requested. 18920 hereby incorporates its objections and responses to Interrogatory No. 16.

**REQUEST FOR PRODUCTION NO. 42.** All Documents related to Your answer to Interrogatory No. 18 served concurrently herewith.

**RESPONSE:** 18920 objects to this request as vague and lacking in specificity as to the documents requested. 18920 hereby incorporates its objections and responses to Interrogatory No. 18.

**REQUEST FOR PRODUCTION NO. 43.** All Documents related to Your answer to Interrogatory No. 23 served concurrently herewith.

**RESPONSE:** 18920 objects to this request as vague and lacking in specificity as to the documents requested. Subject to the foregoing, 18920 will produce responsive documents, if any, located after a reasonable search. 18920 objects to this request as vague in that it only references other discovery requests and is lacking in specificity as to the documents requested. Subject to the foregoing, 18920 will produce responsive documents, if any, located after a reasonable search. 18920's investigation into responsive documents is still ongoing and it will supplement in accordance with Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 44.** All Documents and Communications You assert or contend support Your Affirmative Defense No. 2 filed in response to the Trustee's Amended Complaint in this Adversary Proceeding.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client, work product, common interest, or joint defense privileges. 18920 also objects to this request in that it lacks specificity as to the documents requested and is an improper request for production (as it is more akin to a contention interrogatory). 18920 will supplement as discovery proceeds and in accordance with the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 45.** All Documents and Communications You assert or contend support Your affirmative Defense No. 4 filed in response to the Trustee's Amended Complaint in this Adversary Proceeding.

**RESPONSE:** 18920 objects to this request to the extent it seeks documents that are protected from disclosure by the attorney client, work product, common interest, or joint defense privileges. 18920 also objects to this request in that it lacks specificity as to the documents requested and is an improper request for production (as it is more akin to a contention interrogatory). 18920 will supplement as discovery proceeds and in accordance with the Federal Rules of Civil Procedure.

Dated this 19th day of July, 2024.

          JORDAN, LYNCH & CANCIENNE PLLC

          By: *s/ Michael Cancienne*
              Michael Cancienne
              State Bar No. 24046330
              Joseph ("Jeb") W. Golinkin II
              State Bar No. 24087596
              Brittainie Zinsmeyer
              State Bar No. 24115981
              1980 Post Oak Blvd., Ste. 2300
              Houston, Texas 77056
              713-955-4020 (Telephone)
              713-955-9644 (Fax)
              mcancienne@jlcfirm.com
              jgolinkin@jlcfirm.com
              bzinsmeyer@jlcfirm.com

          ATTORNEYS FOR 18920 NW 11th LLC,
          STEVEN ZAKHARYAYEV, AND EVELINA
          PINKASHOVA

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 19th day of July, 2024, I electronically served the foregoing to counsel of record.

          */s/ Brittainie Zinsmeyer*
          Brittainie Zinsmeyer