**JORDAN, LYNCH & CANCIENNE PLLC**
Michael Cancienne (SBN 24055256)
Joseph W. Golinkin II (SBN 24087596)
Brittainie J. Zinsmeyer (SBN 24115981)
1980 Post Oak Blvd., Ste. 2300
Houston, Texas 77056
Telephone: 713.955.4025

*Counsel for 18920 N 11th LLC,*
*Steven Zakharyayev,*
*and Evelina Pinkhasova*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SCOTT M. SEIDEL, TRUSTEE; and GNET ATC, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>18920 NW 11th, LLC; JAMES GOODMAN; JAMES FRINZI; STEVEN ZAKHARYAYEV; EVELINA PINKHASOVA; PEOPLE NQ INC.; JJC & PEOPLE LLC; GDMN FAMILY INVESTMENTS 2, LLC,<br><br>*Defendants.* | Case No. 22-31641-mvl-7<br><br><br><br>Adversary Proceeding No. 23-03072-mvl |

## DEFENDANT EVELINA PINKHASOVA'S FIRST AMENDED OBJECTIONS AND RESPONSES TO TRUSTEE'S FIRST SET OF INTERROGATORIES

To:   Trustee, Scott M. Seidel, by and through his attorneys of record, Davor Rukavina, Esq., Thomas D. Berghman, Esq., Julian P. Vasek, Esq., and Conor P. White, Esp., Munsch Hardt Kopf & Harr, P.C., 500 N. Akard Street, Suite 4000, Dallas, Texas 75201.

Evelina Pinkhasova, Defendant in this Adversary Proceeding, hereby serves upon Scott M. Seidel ("Trustee"), Plaintiff in this Adversary Proceeding, *Defendant Evelina Pinkhasova's First Amended Objections and Responses to Trustee's First Set of Interrogatories* pursuant to Rule 33 of the Federal Rules of Civil Procedure as follows.

Trustee's
Exhibit 11

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. Pinkhasova objects to the instructions and requests to the extent references to Pinkhasova or any other party or entity include that entity's employees, officers, directors, agents, representatives, members, attorneys, departments, sections, affiliates, subsidiaries, parents, and all other persons acting on its behalf. To the extent a request references a particular entity, Pinkhasova intends to respond based solely on the entity itself, and not the laundry list of other agents, representatives, or other related entities listed.

2. Pinkhasova objects to the definition of the term "Document(s)" to the extent it exceeds the ordinary use of the term and that which is contemplated by Federal Rule of Civil Procedure 34 and in that it is overbroad as defined. Pinkhasova will therefore respond to these requests which reference or seek "Document(s)" in accordance with the ordinary use of the term and the Federal Rules of Civil Procedure.

3. Pinkhasova objects to the definition of "18920" to the extent it includes its present and former parents, subsidiaries, affiliates, agents, employees, representatives, assigns, attorneys, predecessors-in-interest, or all others acting on its behalf. Pinkhasova will respond to requests referencing "18920" as only the entity 18920 NW 11th, LLC.

4. Pinkhasova objects to the definition of "GDMN" to the extent it includes its present and former parents, subsidiaries, affiliates, agents, employees, representatives, assigns, attorneys, predecessors-in-interest, or all others acting on its behalf. Pinkhasova will respond to requests referencing "GDMN" as only the entity "GDMN Family Investments 2, LLC."

5. Pinkhasova objects to the definition of "GDMN" to the extent it includes its present and former parents, subsidiaries, affiliates, agents, employees, representatives, assigns, attorneys, predecessors-in-interest, or all others acting on its behalf. Pinkhasova will respond to requests referencing "GDMN" as only the entity "GDMN ATC, LLC."

6. Pinkhasova objects to the definition for "You" and "Your" as it includes responses on behalf of Pinkhasova's agents, representatives, assigns, attorneys, or others acting on her behalf. Pinkhasova will respond to requests referencing "You" or "Your" as referencing only herself.

## INTERROGATORIES

**INTERROGATORY NO. 1.**    Who drafted or prepared the Redemption Notice? Your answer should include all people who drafted the Redemption Notice.

**RESPONSE:**  Pinkhasova objects that this request seeks information that is more properly sought through 18920.  Subject to the foregoing, Steven Zakharyayev drafted the Redemption Notice.

**INTERROGATORY NO. 2.**    Did You transmit the Redemption Notice to the Debtor and, if so, how, when, and to whom?

**RESPONSE:** Pinkhasova objects that this request seeks information that is more properly sought through 18920.  Subject to the foregoing, no.  The Redemption Notice was sent by Steven Zakharyayev, on my behalf as signatory for 18920.

**INTERROGATORY NO. 3.**    At the time of the Redemption Notice, who did You understand Frinzi to be with respect to the Debtor and GNET, including whether You understood him to be a director, officer, or manager of the Debtor and GNET?

**RESPONSE:** Pinkhasova objects that this request seeks information that is more properly sought through 18920.  Subject to the foregoing, *see* documents produced by 18920 showing Frinzi representing himself as a member an officer of Debtor and GNET.

**INTERROGATORY NO. 4.**    Explain What did You mean in the Redemption Notice by "[a]s you know ... " In other words, why did You believe that the Debtor knew that 18920 owned the Transaction Shares and why did You believe that the person You transmitted the Redemption Notice to would know that, in that the Redemption Notice is addressed to "whom it may concern."

**RESPONSE:** Pinkhasova objects that this request assumes facts, namely that she drafted the Redemption Notice.  Pinkhasova objects that this request seeks information that is more properly sought through 18920.

**INTERROGATORY NO. 5.**    At the time of the Redemption Notice, what was the factual basis for the statement in the Redemption Notice that "l8920 NW 11th LLC, (the "Shareholder") is owner of 4.032,918 Series A-1 Preferred Shares" as of the date of the Redemption Notice? Your answer should address whether, by that date, 18920 had paid for the Transaction Shares, whether You believed that it needed to pay for the same in order to then own the same, why You may have believed that it need not have paid for the same in order to then own the same, and whether any steps had then been taken for 18920 to take any action to evidence its ownership of the Transaction Shares and what any such action would have been and whether and when it was taken.

**RESPONSE:** Pinkhasova objects to this request to the extent it seeks information protected from disclosure by the attorney client or work product doctrine.  Pinkhasova also objects that this information is more properly sought through 18920.  *See* 18920 Obj. & Resp. to Trustee's

3

1st Interrog. at Interrog. No. 8. Pinkhasova is personally unaware of the factual basis for the statements in the Redemption Notice which were drafted by other parties.

**INTERROGATORY NO. 6.**   At the time of the Redemption Notice, how did You believe or understand that 18920 paid, or would pay, for the Transaction Shares, and when it would do so or when it had done so?

**RESPONSE:**  Pinkhasova objects to this request to the extent it seeks information protected from disclosure by the attorney client or work product doctrine.  Subject to the foregoing, *see* Zakharyayev's Resp. to Trustee's 1st Interrog. at Interrog. No. 11. Pinkhasova does not have any personal knowledge as to the mechanics of the Redemption Notice and relied on other parties for the drafting and contents of the Redemption Notice.

**INTERROGATORY NO. 7.**   At the time of the Redemption Notice, what was the factual basis for the statement in the Redemption Notice that the "Preferred Shares are subject to mandatory redemptions at their liquidation value on a quarterly basis?"

**RESPONSE:** Pinkhasova objects to this request to the extent it seeks information protected from disclosure by the attorney client or work product doctrine.  Pinkhasova also objects that this information is more properly sought through 18920.  *See* 18920 Obj. & Resp. to Trustee's 1st Interrog. at Interrog. No. 9. Pinkhasova does not have any personal knowledge as to the mechanics of the Redemption Notice and relied on other parties for the drafting and contents of the Redemption Notice.

**INTERROGATORY NO. 8.**   Explain what steps You took, including any due diligence You undertook, to state in the Redemption Notice that the "Preferred Shares are subject to mandatory redemptions at their liquidation value on a quarterly basis," including by identifying any documents You reviewed or relied on to state the same, and including any communications You reviewed. made. had, were given, or You relied on, to state the same. Identify any such documents or communications in Your production to the Trustee's Requests for Production served concurrently herewith.

**RESPONSE:**  Pinkhasova objects to this request to the extent it seeks information protected from disclosure based on attorney client or work product privileges.  Pinkhasova objects to this request as overbroad.  Pinkhasova further objects that this information is more properly sought from 18920.  *See* 18920 Obj. & Resp. to Trustee's 1st Interrog. at Interrog. Nos. 9, 10. Pinkhasova took no steps but instead relied on other parties regarding diligence for the transactions.

**INTERROGATORY NO. 9.**   At the time of the Redemption Notice, did You believe or understand that the "Preferred Shares are subject to mandatory redemptions at their liquidation value on a quarterly basis," as stated therein, and, if You so believed, why did You so believe?

**RESPONSE:**  Pinkhasova objects to this request to the extent it seeks information protected from disclosure based on attorney client or work product privileges.  Pinkhasova objects to this request as overbroad.  Pinkhasova further objects that this information is more properly sought from 18920.  *See* 18920 Obj. & Resp. to Trustee's 1st Interrog. at Interrog. Nos. 9, 10.

4

Pinkhasova did not have any belief or understanding regarding the obligations related to the rights of redemption but instead relied on the advice and counsel of other parties.

**INTERROGATORY NO. 10.**   Why did You transmit the Redemption Notice to the Debtor?

**RESPONSE:**   Pinkhasova also objects that this information is more properly sought through 18920.  *See also* Response to Interrogatory No. 2 above.  Subject to the foregoing, 18920 owned the preferred shares and had mandatory redemption rights.

**INTERROGATORY NO. 11.**   At the time of the Redemption Notice, what did You believe or understand was the "liquidation value [ of the Preferred Shares] on a quarterly basis" as stated in the Redemption Notice?

**RESPONSE:**   Pinkhasova objects to this request to the extent it seeks information protected from disclosure based on attorney client or work product privileges.  Pinkhasova further objects that this information is more properly sought from 18920.  *See* Steven Zakharyayev's February 10, 2023 deposition testimony, given as 18920's corporate representative, at 34:4–16, 37:16–38:5.  Pinkhasova did not have any personal belief or understanding regarding the obligations related to the rights of redemption but instead relied on the advice and counsel of other parties.

**INTERROGATORY NO. 12.**   What was the factual basis for any belief or understanding of Yours as answered in response to Interrogatory No. 11.

**RESPONSE:** Pinkhasova objects to this request to the extent it seeks information protected from disclosure based on attorney client or work product privileges.  Pinkhasova further objects that this information is more properly sought from 18920.  *See* Steven Zakharyayev's February 10, 2023 deposition testimony, given as 18920's corporate representative, at 34:4–16, 37:16–38:5. As indicated in response to Interrogatory No. 11, Pinkhasova did not have any personal belief or understanding regarding the obligations related to the rights of redemption but instead relied on the advice and counsel of other parties.

**INTERROGATORY NO. 13.**   At the time of the Redemption Notice, did you believe or understand that the Debtor had the funds necessary to pay the "mandatory redemptions" as stated in the Redemption Notice?

**RESPONSE:** Pinkhasova objects to this request to the extent it seeks information protected from disclosure by the attorney client or work product doctrine.  Pinkhasova also objects that this information is better obtained through 18920.  *See* 18920 Obj. & Resp. to Trustee's 1st Interrog. at Interrog. No. 9. Pinkhasova did not have any personal belief or understanding regarding the Debtor's financial situation.

**INTERROGATORY NO. 14.**   If Your answer to Interrogatory No. 13 is "yes' in whole or in part, then explain the factual basis of Your belief or understanding. If Your answer to Interrogatory No. 13 is "no" in whole or in part, then explain what belief or understanding You had as to how the Debtor would pay or satisfy the "mandatory redemption.'"

5

**RESPONSE:** Pinkhasova objects to this request to the extent it seeks information protected from disclosure by the attorney client or work product doctrine. Pinkhasova also objects that this information is better obtained through 18920. *See* 18920 Obj. & Resp. to Trustee's 1st Interrog. at Interrog. No. 9. Pinkhasova did not have any personal belief or understanding regarding the Debtor's financial situation.

**INTERROGATORY NO. 15.** At the time of the Redemption Notice, did You have a belief or understanding as to the Debtor's solvency and, if so, state the factual basis for any such belief or understanding. As used herein. "solvency" means both that the assets of the Debtor exceeded its liabilities, including any debt payable on the Redemption Notice, and that the Debtor was paying its debts as they became due, including any debt payable on the Redemption Notice.

**RESPONSE:** Pinkhasova objects to this request to the extent it seeks information protected from disclosure based on attorney client or work product privileges. Pinkhasova further objects that this information is more properly sought from 18920. *See* Steven Zakharyayev's February 10, 2023 deposition testimony, given as 18920's corporate representative, at 71:4–16. Pinkhasova did not have any personal belief or understanding regarding the Debtor's solvency.

**INTERROGATORY NO. 16.** Did the Debtor ever sign and deliver to 18920 the Promissory Note?

**RESPONSE:** Pinkhasova objects that this information is better obtained through 18920. *See* 18920 Obj. & Resp. to Trustee's 1st Interrog. at Interrog. No. 17. Pinkhasova believes the Promissory Note was signed and delivered.

**INTERROGATORY NO. 17.** As of the date of the Settlement Agreement, what value did You believe or understand that 18920 gave to the Debtor for the Settlement Agreement, or what the "value received"' stated in the Promissory Note or "good and valuable consideration" stated in the Settlement Agreement was?

**RESPONSE:** Pinkhasova objects to this request to the extent it seeks information protected from disclosure based on attorney client or work product privileges. Pinkhasova further objects that this information is more properly sought from 18920. Because this Interrogatory requests information from 18920 and not Pinkhasova, *see* 18920 Obj. & Resp. to Trustee's 1st Interrog. at Interrog. No. 15. Pinkhasova has no additional information other than what was provided by 18920 in response to the same or similar Interrogatories.

**INTERROGATORY NO. 18.** As of the date of the Settlement Agreement, state the factual basis for Your belief or understanding in answer to Interrogatory No. 17.

**RESPONSE:** Pinkhasova objects that this request is vague and lacks specificity as to the information sought. Pinkhasova further objects that this information is more properly sought from 18920. *See* 18920 Obj. & Resp. to Trustee's 1st Interrog. at Interrog. No. 15.

**INTERROGATORY NO. 19.** Who negotiated the Settlement Agreement on behalf of 18920, and who was it negotiated with on behalf of the Debtor?

6

**RESPONSE:** Pinkhasova objects that this information is more properly sought from 18920. Subject to the foregoing, Zakharyayev negotiated the Settlement Agreement on behalf of 18920 with Goodman Networks, Inc. representatives Goodman and Frinzi, as well as counsel for Debtor.

**INTERROGATORY NO. 20.**   As of when you sent the Redemption Notice, did you intend or, to your knowledge, did 18920 intend, to enter into the Promissory Note and the Settlement Agreement in whole or in partial satisfaction of the Redemption Notice?

**RESPONSE:** Pinkhasova objects that this request assumes facts, namely that Pinkhasova specifically sent the Redemption Notice. Pinkhasova objects that this information is more properly sought from 18920. Pinkhasova further objects to this request to the extent the documents speak for themselves. Subject to the foregoing, Pinkhasova refers the trustee to the Corporate Representative deposition given by Steven Zakharyayev on February 10, 2023. Pinkhasova does not have any personal knowledge regarding the intentions of 18920 or the mechanics of the Redemption Notice, and relied on other parties for the drafting and contents of the Redemption Notice.

**INTERROGATORY NO. 21.**   Identify each and every professional or advisor, including each attorney, accountant, or financial advisor, involved in negotiating, drafting, or executing any of the agreements: by which 18920 purchased the Transaction Shares; the Redemption Notice, the Promissory Note; or the Settlement Agreement.

**RESPONSE:** Pinkhasova objects that this information is more properly sought from 18920. Subject to the foregoing, Pinkhasova is only aware of Steven Zakharyayev providing legal services to 18920 as part of these transactions.

**INTERROGATORY NO. 22.**   Why did You think, at the time of the Redemption Notice, that the holders of the Transaction Shares simply did not demand the redemption thereof as such redemption is referenced in the Redemption Notice, as opposed to transferring the same to 18920 and then 18290 demanding the redemption thereof? Your answer should include any information regarding this question You may have received from any other person and the identify of any such person.

**RESPONSE:** Pinkhasova objects that this request calls for speculation. Pinkhasova further objects that this information is more properly sought from 18920. *See* 18920 Obj. & Resp. to Trustee's 1st Interrog. at Interrog. No. 21.

Dated this 19th day of July, 2024.

                JORDAN, LYNCH & CANCIENNE PLLC

                By: *s/ Michael Cancienne*
                   Michael Cancienne
                   State Bar No. 24046330
                   Joseph ("Jeb") W. Golinkin II
                   State Bar No. 24087596
                   Brittainie Zinsmeyer
                   State Bar No. 24115981
                   1980 Post Oak Blvd., Ste. 2300
                   Houston, Texas 77056
                   713-955-4020 (Telephone)
                   713-955-9644 (Fax)
                   mcancienne@jlcfirm.com
                   jgolinkin@jlcfirm.com
                   bzinsmeyer@jlcfirm.com

                   ATTORNEYS FOR 18920 NW 11th LLC,
                   STEVEN ZAKHARYAYEV, AND EVELINA
                   PINKASHOVA

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 19th day of July, 2024, I electronically served the foregoing to counsel of record.

                   */s/ Brittainie Zinsmeyer*
                   Brittainie Zinsmeyer