

Ross Tower
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6605
Main  214.855.7500
Fax  214.855.7584
munsch.com

Direct Dial 214.855.7587
Direct Fax 214.978.5359
drukavina@munsch.com

August 16, 2024

**BY ECF ONLY**

Honorable Michelle V. Larson
United States Bankruptcy Judge

    Re:    *Adversary Proceeding No. 23-03072; Seidel v. 18920 NW 11th, LLC, et. al.*

Dear Judge Larson:

    The parties have not been able to agree on the form of a proposed order effectuating the Court's ruling on the *Trustee's Motion to Compel Written Discovery Responses and Production of Documents from 18920 NW 11th, LLC, Steven Zakharyayev, and Evelina Pinkhasova* [Docket No. 49].  We have agreed to submit competing orders, and a cover letter explaining our respective positions.

    Concurrently herewith, I am e-mailing your Courtroom Deputy my proposed order in Word.  It is the same as the exhibit to this Letter, except that the exhibit identifies issues of dispute that I address below.

    Issue 1.  As we discussed during the hearing, I agree that no privilege log is needed for communications after the suit is filed.  That was August 5, 2023.  The Defendants wish to go back further in time, because someone else subpoenaed them in connection with the motion to convert.  The Trustee does not need a privilege log for that either.  What the Trustee is concerned about and what he does need is a privilege log concerning the 18920 transaction itself; *i.e.* the redemption of stock and any subsequent negotiations and threats of litigation between the parties regarding that redemption.

    Issue 2.  I believe that the Court overruled the objections based on "common interest" privilege and "joint defense" privilege because there was no evidence or even legal argument substantiating the same.  The Court, however, ruled that the issue could be revisited in connection with a motion for protective order.  My language effectuates these rulings.  I am not sure of the Defendants' issue with that.  What they want is language to the effect that the Defendants are to study the issue further and make their decision; that would just invite a further motion and a further hearing.  I believe the Court decided the issue, without prejudice.

    Issue 3.  The Defendants suggest that only the objection based on "overbreadth" was overruled, and they request that this term be used to limit the extent of the overruling.  I disagree as I believe that the Court overruled all objections to these requests.  For example, in 18920's response to RFP 1, it also objected on the basis of "harassment" and on the basis that the request sought documents from before any alleged misconduct in the case.  The Defendants' proposed limitation to the Court's overruling the objections to just "overbreadth" would preserve these objections, which I believe the Court either expressly overruled (as with the timeframe issue) or implicitly overruled (as with harassment).  Either way, they are not proper objections.

Issue 4. The Defendants do not agree to this paragraph being included. I am not quite sure why. I believe that the Court ruled precisely as I have proposed in my language.

Issue 5. The Interrogatory was "Did you pay anything to any person, including Frinzi, for anything having to do with Your acquisition of the Transaction Shares. . . such as by was of . . . kickback . . ." The Court limited this Interrogatory to Frinzi, but overruled the objection based on the Defendants not knowing was a "kickback" was, because the Court correctly noted that this was merely one example of what the Interrogatory actually asks. If the Defendants do not know what a kickback is, that is fine and they can answer the Interrogatory without reference to a kickback, but they still need to answer the question actually asked of them. I believe my language fairly effectuates this ruling.

Issue 6. It may be that the Court did not precisely rule on this one. The Interrogatory asks "Explain how you arrived at the amount of the Promissory Note, including who calculated such amount, how such amount was calculated, and what communications or documents were considered or relied on by You in arriving at such amount." The objection was based on privilege. As with other privilege objections, the Court ruled that the privilege did not apply to business decisions and to facts. Thus, my proposed language preserves the privilege as to *legal* issues, but correctly effectuates the Court's ruling as to business issues.

Issue 7. The Defendants do not agree to the following: "or information regardless of whether it was told to or flowed through Zakharyayev." Here again, I believe the Court correctly ruled that, just because Zakharyayev was an attorney, to the extent otherwise non-privileged facts or information were told to him or flowed through him, his status as an attorney would not somehow clothe those facts with the privilege in and of itself.

Issue 8. The Defendants request the following addition" . . . to the extent that Pinkhasova references any documents produced by 18920 in her response *and has personal knowledge relating to those documents*, she shall . . ." I disagree that her personal knowledge is a requirement. If, in responding to a request for production, Pinkhasova references that 18920 has already produced the responsive documents, and she relies on that, I do not see what relevance her personal knowledge has to the response.

Sincerely,

/s/ Davor Rukavina
Davor Rukavina, Esq.

DR:

cc:   All counsel [via ECF]

4891-5914-2361v.1 013229.00016

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: § | | |
| § | | Case No. 22-31641-mvl7 |
| GOODMAN NETWORKS, INC., § | | (Chapter 7) |
| § | | |
| Debtor. § | | |
| § | | |
| SCOTT M. SEIDEL, TRUSTEE, *et al.*, § | | |
| § | | |
| Plaintiff, § | | |
| § | | Adv. No. 23-03072-mvl |
| v. § | | |
| § | | |
| 18920 NW 11TH, LLC, *et al.*, § | | |
| § | | |
| Defendants. § | | |

**ORDER GRANTING IN PART AND DENYING IN PART
TRUSTEE'S MOTION TO COMPEL WRITTEN DISCOVERY
RESPONSES AND PRODUCTION OF DOCUMENTS FROM
<u>18920 NW 11TH, LLC, STEVEN ZAKHARYAYEV, AND EVELINA PINKHASOVA</u>**

CAME ON FOR HEARING on July 23, 2024, the *Trustee's Motion to Compel Written Discovery Responses and Production of Documents from 18920 NW 11th, LLC, Steven Zakharyayev, and Evelina Pinkhasova* [Docket No. 49] (the "<u>Motion</u>"), filed by Scott M. Seidel (the "<u>Trustee</u>"), the duly-appointed chapter 7 trustee of Goodman Networks, Inc. (the "<u>Debtor</u>"), and, together with GNET ATC, LLC, the plaintiff in the above-styled and captioned adversary proceeding (the "<u>Adversary Proceeding</u>").

By the Motion, the Trustee seeks certain relief against defendants 18920 NW 11th, LLC ("<u>18920</u>"), Steven Zakharyayev ("<u>Zakharyayev</u>"), and Evelina Pinkhasova ("<u>Pinkhasova</u>," and together with 18920 and Zakharyayev, the "<u>Discovery Defendants</u>"), regarding their original and amended: (i) responses and answers to the Trustee's first set of interrogatories to each of them (each, an "<u>Interrogatory</u>" and collectively, with respect to all Discovery Defendants, the

"Interrogatories"); and (ii) responses and production with respect to the Trustee's first set of requests for production (each, a "Request" and collectively, with respect to all Discovery Defendants, the "Requests").

The Court has considered the Interrogatories, the Requests, the Motion, the *Defendants' Response to Trustee's Motion to Compel* [Docket No. 52], the *Trustee's Reply in Support of Motion to Compel* (the "Reply") [Docket No. 53], the *Trustee's Notice of Amended Discovery Responses* [Docket No. 54] including the Discovery Defendants had served their amended responses on July 19, 2024 (the "Amended Discovery Responses"), and the arguments of counsel, and, for the reasons stated on the record of said hearing, it is hereby:

ORDERED that the Motion is GRANTED in part and DENIED in part as provided for herein; it is further

ORDERED that each of the Discovery Defendants shall provide proper verifications of their Amended Discovery Responses with respect to the Interrogatories no later than forty-eight (48) hours of the entry of this Order; it is further

ORDERED that each of the Discovery Defendants shall, subject to the provisions of this Order, their privileges, and any continuing dispute regarding such privileges, complete any supplemental production discussed herein pursuant to the Requests on or before August 23, 2024; it is further

ORDERED that each of the Discovery Defendants shall, subject to the provisions of this Order, their privileges, and any continuing dispute regarding such privileges, supplement or amend the answers to the Interrogatories in accordance with this Order on or before August 23, 2024, including with respect to any information withheld on the basis of an objection that is overruled by this Order, which answers shall include verifications as is otherwise proper; it is further

ORDERED that, for the avoidance of doubt, no Request seeks the production of any documents or communications after August 5, 2023 ISSUE 1; it is further

ORDERED that, with respect to objection numbers: 2, 4, 5, and 6 of each of the Discovery Defendants' *Objections to Instructions and Definitions* contained in the Amended Discovery Responses, each such objection is sustained solely with respect to "affiliates," "subsidiaries," "business or legal entities," "predecessor-in-interest," and "parents," and is overruled as to "agents, employees, representatives, assigns, attorneys, . . . and all other natural persons" to the extent they were acting on behalf of the respective defined entities objected to in numbers 2, 4, 5 and 6; it is further

ORDERED that objection number 3 of each of the Discovery Defendants' *Objections to Instructions and Definitions* contained in the Amended Discovery Responses is overruled; it is further

ORDERED that each of the Discovery Defendants' asserted "common interest" privilege and "joint defense" privilege in any of the Amended Discovery Responses is overruled, without prejudice to the Discovery Defendants filing a motion for protective order regarding any such asserted interest as is otherwise appropriate and no later than August 23, 2024, in which case the Court will consider any such asserted privilege in connection with any such motion ISSUE 2; it is further

ORDERED that, based on the Discovery Defendants' representations at the hearing that no document has been withheld on the basis of any other asserted privilege in the Amended Discovery Responses, the Court defers ruling any other such asserted privilege at this time without prejudice to all issues regarding the same, *provided, however,* that if any document or communication is withheld on the basis of any such privilege, the Discovery Defendants shall

provide the Trustee with an appropriate privilege log regarding the same no later than August 23, 2024; it is further

ORDERED that the following shall apply to: (i) Interrogatory numbers 1, 14, 16 and 18 to 18920; (ii) Request numbers 1, 3, 4 to 18920; (iii) Request numbers 12, 13, 14, and 18 to Zakharyayev; and (iv) Request numbers 12, 13, 14, and 19 to Pinkhasova,

(a) the applicable date range for the answer and the production shall be November 1, 2021 through January 31, 2023;

(b) "Financial Documents" shall be limited to balance sheet, profit and loss statements, and general ledgers; and

(c) as modified by the above, each ISSUE 3 objection to the foregoing Interrogatories and Requests is overruled, it is further

ORDERED that, with respect to Request numbers 23, 24, 25, 32, 40, 41, and 42 to 18920, the applicable date range for the answer and production shall commence on March 11, 2022 and, as so modified, each ISSUE 3 objection to said Requests is overruled; it is further

ORDERED that, in each instance where Zakharyayev or Pinkhasova object to an Interrogatory or a Request on the basis that the information sought therein is more properly sought or better obtained from 18920, such objection is overruled and stricken; it is further

ORDERED that, in each instance where Zakharyayev or Pinkhasova reference or cite, in response to an Interrogatory, an answer by 18920, they shall either expressly adopt such reference or citation as their answer to the Interrogatory or shall set out such reference or citation in full, as their answer to the Interrogatory; it is further

ORDERED that any objection to any Request (including Request numbers 44 and 45 to 18920) on the basis that the Request seeks a "contention" or is a "contention interrogatory" is overruled and stricken; it is further

ORDERED that the following shall apply to: (i) Request numbers 22 and 26 to 18920; (ii) Request numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11 to Zakharyayev; and (iii) Request numbers 1, 2, 3, 4, 5, 6, and 7 to Pinkhasova ISSUE 4,

(a) any objection to "overbroad" is overruled and stricken; and

(b) any objection to "failure to state applicable timeframe" is overruled and stricken, it is further

ORDERED that the objection to Interrogatory number 4 to 18920 is withdrawn as stated on the record; it is further

ORDERED that the objection to Interrogatory number 6 to 18920 is withdrawn as stated on the record; it is further

ORDERED that the objection to Interrogatory number 11 to 18920 is overruled; it is further

ORDERED that Interrogatory number 12 ISSUE 5 to 18920 shall be limited solely to Frinzi and, as so limited, the objection thereto is overruled and stricken; it is further

ORDERED that the objection to Interrogatory number 13 to 18920 is overruled and stricken; it is further

ORDERED that the objection to Interrogatory number 19 to 18920 is overruled and stricken as to any factual matter or information regardless of whether it was told to or flowed through Zakharyayev ISSUE 6; it is further

ORDERED that the objection to Interrogatory number 20 to 18920 is sustained; it is further

ORDERED that the objections to Interrogatory numbers 10, 11, 12, 14, 15, 16, 17, 18, 19, and 23 to Zakharyayev on the basis of privilege or work product are overruled and stricken as to any factual matter or information regardless of whether it was told to or flowed through Zakharyayev ISSUE 7; it is further

ORDERED that the objections to Interrogatory numbers 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, and 17 to Pinkhasova on the basis of privilege or work product are overruled and stricken as to any factual matter or information regardless of whether it was told to or flowed through Zakharyayev ==ISSUE 7==; it is further

ORDERED that the objections to Request numbers 37 and 38 to 18920 are overruled, but such Requests shall be limited solely to producing documents and records of the Debtor that 18920 asserts support its answers to the referenced interrogatories, and shall not include any internal analysis by 18920 of the subject matters thereof; it is further

ORDERED that, with respect to Request numbers 15, 16, 17, and 18 to Pinkhasova, and in addition to all provisions of this Order otherwise applicable to her responses and objections thereto, to the extent that Pinkhasova references any documents produced by 18920 in her response ==ISSUE 8==, she shall specifically reference and cite such documents or separately produce the same with her own identifying labels; it is further

ORDERED that any other relief requested in the Motion and not granted above is denied; it is further

ORDERED that nothing contained herein shall be construed as a ruling or finding on what constitutes or what information is covered by the Discovery Defendants' privilege and is without prejudice to either the Trustee or the Discovery Defendants seeking further relief from the Court; it is further

ORDERED that to the extent any information provided in the Discovery Defendants' Amended Discovery Responses to the Interrogatories are contained in or rely upon documents in the Supplemental Production, the Discovery Defendants shall amend their responses to the Interrogatories to identify by Bates number the documents in the Supplemental Production containing such information.

# # # END OF ORDER # # #