

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed September 18, 2024**

_____
**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § § | |
| **GOODMAN NETWORKS, INC.** | § § | **CASE NO. 22-31641-MVL7** <br> **(CHAPTER 7)** |
| Debtor. | § § § | |
| | § | |
| **SCOTT M. SEIDEL, TRUSTEE,** *et al.*, | § § § | |
| | § | **ADVERSARY NO. 23-03072-MVL** |
| Plaintiffs, | § § | **CIV. ACTION NO. 3:24-CV-02268-S** |
| v. | § § | |
| **18920 NW 11th, LLC,** *et al.*, | § § § | |
| Defendants. | § § § § | |

### REPORT AND RECOMMENDATION TO DISTRICT COURT
### REGARDING DEFENDANTS' MOTION FOR WITHDRAWAL OF THE REFERENCE

1

I. **INTRODUCTION.**

Defendants 18920 NW 11th, LLC. ("**18920**"), Steven Zakharayayev ("**Zakharyayev**"), and Evelina Pinkhasova ("**Pinkhasova**", and together with 18920 and Zakharyayev, the "**18920 Defendants**") filed an *Unopposed Motion to Withdraw the Reference, Demand for Trial by Jury, and Notice of Non-Consent to Entry of Final Orders* of the above-entitled adversary proceeding on August 22, 2024, at ECF No. 61[1] (the "**Motion to Withdraw**"). Defendants James Goodman ("**J.E. Goodman**"), People NQ, Inc. ("**People NQ**"), JJC & People, LLC ("**JJC**") and GDMN Family Investments 2, LLC ("**GDMN**", and together with J.E. Goodman, People NQ, and JJC, the "**Goodman Defendants**") filed their *Limited Joinder to 18920 NW 11th, LLC, Steven Zakharyayev, and Evelina Pinkhasova's Unopposed Motion to Withdraw the Bankruptcy Reference, Demand for Trial by Jury, and Notice of Non-Consent to Entry of Final Orders* on August 23, 2024, at ECF No. 64 (the "**Joinder**"). Given the Goodman Defendants sought different relief in the Joinder than the 18920 Defendants, Scott M. Seidel (the "**Trustee**"), trustee of Goodman Networks, Inc. (the "**Debtor**" or "**Goodman Networks**") filed his *Objection to Goodman Defendants' Joinder In Motion to Withdraw the Reference* (the "**Trustee's Objection**") on August 23, 2024, at ECF No. 65. The Bankruptcy Court conducted a status conference concerning the Motion to Withdraw on September 11, 2024, pursuant to 11 U.S.C. § 105(d); L.B.R. 5011-1.[2] After conferring with counsel for the parties to this proceeding at the status

---

[1] All ECF No. references are herein made with respect to the docket in Adversary Proceeding No. 23-03072-MVL.

[2] For the purposes of this report and recommendation, all capitalized references to the Bankruptcy Court (the "**Court**" or the "**Bankruptcy Court**") are made in reference to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. Likewise, all capitalized references to the District Court (the "**District Court**") are made in reference to the United States District Court for the Northern District of Texas, Dallas Division. All capitalized references to the Main Bankruptcy Case (the "**Bankruptcy Case**") are made in reference to Case No. 22-31641-MVL7 (Bankr. N.D. Tex. 2022). All capitalized references to the Adversary Proceeding (the "**Adversary Proceeding**") are made in reference to Adv. Pro. No. 23-03072-MVL (Bankr. N.D. Tex.).

2

conference, the Bankruptcy Court submits the following Report and Recommendation to the United States District Court:

## II. BRIEF RECOMMENDATION.

Pursuant to 28 U.S.C. § 157(d), the District Court may, on timely motion of any party, withdraw, in whole or in part, any case or proceeding referred under § 157 "for cause shown." The Bankruptcy Court hereby recommends that the District Court withdraw, in whole, the reference of Adv. Pro. No. 23-03072-MVL, but only at such time as the Bankruptcy Court certifies to the District Court that the lawsuit is trial-ready. The Bankruptcy Court further recommends that the District Court refer all pre-trial matters to the Bankruptcy Court.

## III. FACTUAL BACKGROUND AND PROCEDURAL HISTORY.

On August 5, 2023, the Trustee and GNET ATC, LLC ("**GNET**" and, together with the Trustee, the "**Plaintiffs**") filed their original complaint against the Defendants commencing the Adversary Proceeding (the "**Original Complaint**". *See* ECF No. 1. In the Original Complaint, the Plaintiffs asserted nine causes of action stemming from an allegedly fraudulent transaction between James Frinzi ("**Frinzi**"), the Goodman Defendants, and the 18920 Defendants (together, the "**Defendants**"). The Plaintiffs allege that the Defendants participated in a "convoluted transaction that stripped the Plaintiffs of at least $13.5 million and other valuable assets in March 2022." ECF No. 1. at ¶ 1. Specifically, the Plaintiffs allege that Goodman, Frinzi and Zakharyayev concocted a plan to transfer worthless preferred shares of the Debtor to 18920, have 18920 demand redemption of the preferred shares by the Debtor, and then settle that demand for the transfer of cash and valuable assets. *Id.* at ¶ 2. Further, the Plaintiffs allege that at the end of the transaction, "the Plaintiffs received no value, [the Goodman Defendants] had received $10 million for worthless preferred shares, and 18920 (controlled by Zakharyayev and Pinkhasova) held onto cash

of approximately $3.5 Million and the other valuable assets in consideration for its role" in the scheme. *Id.* at ¶ 3.

On September 21, 2023, 18920 filed its answer to the Original Complaint and jury demand at ECF No. 6. On October 12, 2023, Frinzi filed his answer and Rule 7012 Statement stating that he does not consent to entry of final orders or judgment by the Bankruptcy Court. ECF No. 9. On October 16, 2023, the Goodman Defendants filed their answer to the Original Complaint and their jury demand at ECF No. 10.

On September 22, 2023, Zakharyayev and Pinkhasova filed their *Motion to Dismiss* (the "**Initial Motion to Dismiss**"), which sought to dismiss the Plaintiffs' conspiracy, fraud, and aiding and abetting causes of action against Zakharyayev and Pinkhasova. ECF No. 7. On February 13, 2024, the Court issued an *Order Granting in Part and Denying in Part Steven Zakharyayev and Evelina Pinkashova's Motion to Dismiss* (the "**February Order**"). ECF No. 21. In the February Order, the Court denied the Initial Motion to Dismiss as to the fraud cause of action but granted the Initial Motion to Dismiss as to the aiding and abetting cause of action. In the February Order, the Court also dismissed the Plaintiffs' conspiracy cause of action with the right to replead. On February 20, 2024, the Plaintiffs filed their Amended Complaint to change their conspiracy cause of action to one for "knowing participation." ECF No. 23. On March 5, 2024, Zakharyayev and Pinkhasova filed a *Partial Motion to Dismiss Plaintiffs' Amended Complaint* (the "**Second Motion to Dismiss**"), seeking to dismiss the Plaintiffs' knowing participation cause of action. On April 24, 2024, the Court denied the Second Motion to Dismiss.

On March 5, 2024, the Goodman Defendants and 18920 both filed answers to the Amended Complaint, which each included jury demands. ECF Nos. 26 and 27. On April 23, 2024, Frinzi filed his answer to the Amended Complaint and included a Rule 7012 Statement stating that he

4

does not consent to entry of final orders or judgment by the Bankruptcy Court. ECF No. 32. On May 10, 2024, Zakharyayev and Pinkhasova filed their answer to the Amended Complaint and included a jury demand. ECF No. 48.

The 18920 Defendants filed the Motion to Withdraw on August 22, 2024, at ECF No. 61. In the Motion to Withdraw, the 18920 Defendants requested that the Bankruptcy Court recommend, and the District Court enter an order: (1) withdrawing the reference of this Adversary Proceeding; and (2) granting the Defendants a trial by jury. *See* ECF No. 61 at ¶ 2. The 18920 Defendants do not request immediate withdrawal of the reference. *Id.* The Plaintiffs do not oppose withdrawal of the reference as requested by the 18920 Defendants. ECF No. 65. The Goodman Defendants filed the Joinder on August 23, 2024. ECF No. 64. In the Joinder, the Goodman Defendants agree that the reference should be withdrawn but request that the reference should be immediately withdrawn for all pretrial matters as well as for trial. *Id.* at 4-5. Frinzi did not take a definitive position on the Motion to Withdraw. However, he has sought a trial by jury and does not consent to entry of final orders by the Bankruptcy Court. See ECF No. 32. In accordance with L.B.R. 5011-1(a), the Bankruptcy Court held a status conference on the Motion to Withdraw on September 11, 2024. As such, the Bankruptcy Court recommends that the reference be withdrawn in the Adversary Proceeding, but only at such time as the Bankruptcy Court certifies that this lawsuit is trial-ready.

## IV. THE CAUSES OF ACTION

| Count Number | Count |
|---|---|
| 1 | Bankruptcy Code Fraudulent Transfer (18920 and Goodman Entities) |
| 2 | TUFTA Fraudulent Transfer (18920 and Goodman Entities) |
| 3 | TUFTA Fraudulent Transfer (GNET v. 18920 and Goodman Entities) |
| 4 | Recovery of Avoided Transfers |
| 5 | Breach of Fiduciary Duty (Trustee v. Frinzi) |

| 6 | Breach of Fiduciary Duty (GNET v. Frinzi) |
|---|---|
| 7 | Knowing Participation in Breach of Fiduciary Duty (J.E. Goodman, Zakharyayev, and Pinkhasova) |
| 8 | Fraud (Pinkhasova) |

## V. LEGAL STANDARD.

The District Court has discretion to "withdraw, in whole or in part, any case or proceeding … for cause shown." 28 U.S.C. § 157(d). In *Holland America Insurance Company v. Succession of Roy*, the Fifth Circuit held that, in considering whether the reference should be withdrawn, a district court should consider the following issues: (1) whether the matter involves core, non-core, or mixed issues; (2) whether there has been a jury demand; (3) the effect of withdrawal on judicial economy; (4) the effect of withdrawal on the goal of reducing forum shopping; (5) uniformity in bankruptcy administration; (6) the effect of withdrawal on fostering the economical use of the parties' resources; and (7) the effect of withdrawal on the goal of expediting the bankruptcy process. 777 F.2d 992, 998–99 (5th Cir. 1985).

Further, pursuant to L.B.R. 5011-1, the Court must consider the following additional factors, as relevant: (1) whether any response to the motion to withdraw reference was filed; (2) whether a motion to stay the proceeding pending the District Court's decision on the withdrawal of the reference has been filed, in which court the motion was filed, and the status of the motion; (3) whether the proceeding is core, non-core, or mixed and, with regard to the non-core and mixed issues, whether the parties consent to entry of a final order by the Bankruptcy Court; (4) whether a jury trial has been timely requested, and if so, whether the parties consent to the Bankruptcy Court conducting a jury trial, and whether the District Court is requested to designate the Bankruptcy Court to conduct a jury trial; (6) whether a scheduling order has been entered in the proceeding; (7) whether the parties are ready for trial; (8) the Bankruptcy Court's recommendation; and (9) any other matters relevant to the decision to withdraw the reference.

VI. **DISCUSSION.**

The starting point in evaluating the merits of a motion for withdrawal of the reference is a determination of whether the proceeding is core or non-core.[3] While some of the claims (the fraudulent transfer claims) in the Amended Complaint arise under the Bankruptcy Code and are therefore considered core, most of the claims are based in state law and are not statutorily core matters. Thus, absent consent, the Bankruptcy Court cannot issue final judgments or orders in connection with those claims.

The Court will note that where an adversary proceeding encompasses both core and non-core claims, courts have held that withdrawal of the reference is appropriate because it promotes judicial efficiency.[4] However, even considering that there are non-core claims in this matter, the District Court is not *required* to withdraw the reference on this factor alone.[5] 28 U.S.C. § 157(c)(1) provides the proper procedure regarding non-core claims:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

---

[3] *Mirant Corp. v. Southern Co.*, 337 B.R. 107, 115 (N.D. Tex. 2006).
[4] *See e.g., In re Brown Medical Center, Inc.*, 578 B.R. 590, 597 (Bankr. S.D. Tex. 2016) (holding that splitting core and non-core claims into two proceedings would be judicially inefficient, and therefore recommending a withdrawal of the reference), *report and recommendation adopted*, No. 16-0084, 2016 WL 406959 at *2 (S.D. Tex. Feb. 3, 2016); *see also In re Dallas Roadster, Ltd.*, Adv. Pro. No. 13-4033, 2013 WL 5758632, at *2 (Bankr. E.D. Tex. Sept. 27, 2013), *report and recommendation adopted*, No. 1-43725, 2013 WL 5769916 (E.D. Tex. Oct. 21, 2013); *Mirant*, 337 B.R. at 122 ("The conclusions the court has reached that the actions contain non-core claims and that [Defendant] is entitled to trial by jury as to certain claims standing alone suggest that there should be a withdrawal of the reference.").
[5] *In re Highland Capital Management L.P.*, No. 21-03003, 2021 WL 2850562, at *4 (Bankr. N.D. Tex. Jul. 7, 2021) ("[M]andatory withdrawal is to be applied narrowly and to prevent 157(d) from becoming an 'escape hatch.' Unsubstantiated assertions that nonbankruptcy … issues are substantial and material to an adversary proceeding are insufficient to warrant mandatory withdrawal."), *report and recommendation adopted in its entirety*, No. 3:21-CV-1378-N, 2021 WL 7540340 (N.D. Tex. Jul. 26, 2021); *see also e.g., Schott, Trustee for Estate of InforMD, LLc v. Massengale*, 618 B.R. 444, 452 (M.D. La. 2020) ("That there may be the right to a jury trial or non-core matters does not require [the District Court] to immediately withdraw the reference.") (citing to *Official Committee of Unsecured Creditors v. Schwartzman (In re Stansbury Poplar Place, Inc.)*, 13 F.3d 122, 128 (4th Cir. 1993) (gathering cases)).

As resolution of this proceeding would not require significant interpretation of "both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce," there does not initially appear to be any cause to deviate from the procedure Congress envisioned here. 28 U.S.C. § 157(d).

The Court again notes that none of the Defendants consent to the Bankruptcy Court's authority to enter final orders in this case. *See* ECF No. 61 at ¶ 6; ECF No. 64, p. 2; ECF No. 32. While the 18920 Defendants do not take a position on immediate withdrawal, the Goodman Defendants argue in their Joinder that immediate withdrawal is appropriate in this case. See ECF No. 61 at ¶ 2; ECF No. 64, p. 4-5. At the Status Conference, the Goodman Defendants argued that cause existed for immediate withdrawal because they intend to request consolidation of this Adversary Proceeding with separate pending litigation brought by a creditor of the Debtor, FedEx Supply Chain Logistics & Electronics, Inc.,[6] pending in the District Court (the "**FedEx Lawsuit**"). ECF No. 64, p. 4-5.

The Trustee objects to immediate withdrawal, however, and suggests that the reference should only be withdrawn once the Bankruptcy Court certifies that the Adversary Proceeding is trial-ready, as it is both the usual and accepted practice in this District, and the most efficient manner to prepare lawsuits for trial. *See* ECF No. 65 at ¶ 2. Further, the Trustee argues that the Bankruptcy Court is better suited to conduct all pretrial matters because the Bankruptcy Court is also presiding approximately eight related adversary proceedings in connection with the Bankruptcy Case. *Id*.

The Bankruptcy Court concurs with the Trustee's reasoning on this point. Were the District Court to withdraw the reference immediately, the Bankruptcy Court notes that it is the general

---

[6] *FedEx Supply Chain Logistics & Electronics, Inc., v. Goodman, et al.*, No. 3:23-CV-02397-S (N.D. Tex.).

practice within this district for pretrial matters to be referred to a magistrate, which role the Bankruptcy Court is willing to fill. Furthermore, the Bankruptcy Court is very familiar with the issues in this Adversary Proceeding, due to its role in presiding over the Bankruptcy Case and several related adversary proceedings. Additionally, the Court is not persuaded by the Goodman Defendants' consolidation argument as there is no current consolidation motion pending in this Court (or the District Court) as of the time of this submission, nor would it have a significant impact on this Court handling pre-trial matters.

The remaining factors favor a withdrawal of the reference in whole once the case is trial-ready:

1. *Whether or not there has been a jury demand* — Frinzi, the 18920 Defendants and the Goodman Defendants have each filed a jury demand.

2. *The effect of withdrawal on judicial economy* — the District Court must issue final judgments and conduct a jury trial.

3. *The effect of withdrawal on the goal of reducing forum shopping* — in light of the jury demands, the District Court is the proper forum.

4. *Uniformity in bankruptcy administration* — the Bankruptcy Court is already familiar with the facts of the underlying action, the Bankruptcy Case, and other related adversary proceedings, weighing against withdrawal.

5. *The effect of withdrawal on fostering the economical use of the parties' resources* — the Bankruptcy Court believes that withdrawal upon certification that the case is trial-ready would foster the most economical use of the parties' resources.

6. *The effect of withdrawal on the goal of expediting the bankruptcy process* — there is little concern that withdrawal of the reference will slow administration of the Bankruptcy Case, especially where the Bankruptcy Court will handle all pre-trial matters.

7. *A response was filed* — the Trustee is unopposed to the withdrawal of the reference when the case is trial-ready.

8. *Motion to stay the proceeding pending the district court's decision on the motion to withdraw reference* — none filed.

9. *Consent* — the Defendants do not consent to the entry of a final order by the Bankruptcy Court.

9

10. *Whether a jury trial has been timely requested, and if so, whether the parties consent to the bankruptcy judge conducting a jury trial, and whether the district court is requested to designate the bankruptcy judge to conduct a jury trial* — A jury demand has been timely requested by each of the Defendants. The bankruptcy judge does not have consent of the parties to conduct a jury trial.

11. *Whether a scheduling order has been entered in the proceeding* — yes [ECF No. 25].

12. *Whether the parties are ready for trial* — no.

13. *The bankruptcy court's recommendation* — the Bankruptcy Court recommends withdrawal once the case is trial-ready.

14. *Any other matters relevant to the decision to withdraw the reference* — if the District Court were to consolidate this Adversary Proceeding with the FedEx Lawsuit (which has not been requested nor is recommended by the Court), withdrawal of the reference would be appropriate.

## VII. PENDING MATTERS.

The Adversary Proceeding has not been stayed pending a determination of the Motion to Withdraw pursuant to Bankruptcy Rule 5011. A motion to stay the Adversary Proceeding is not pending. The Bankruptcy Court has entered an agreed scheduling order, but, at this point, the parties are not ready for trial. *See* ECF No. 25. The Agreed Scheduling Order has been amended to extend the fact discovery deadline to October 31, 2024. ECF No. 62. Barring any motion to extend that deadline, the parties are set to exchange witness and exhibit lists, propose findings of fact and conclusions of law as well as a Joint Pretrial Order in compliance with Local District Court Rule 16.4 by January 31, 2025.

## VIII. RECOMMENDATION.

In light of the Bankruptcy Court's analysis of the *Holland* and L.B.R. 5011-1 factors, the Bankruptcy Court recommends that the District Court grant the Motion to Withdraw upon certification by the Bankruptcy Court that the parties are ready for trial. The Bankruptcy Court further recommends that it be allowed to preside over any remaining pre-trial matters such as discovery and pre-trial motions, so as to essentially function like a magistrate. Then, at such time

as the parties are trial-ready, the District Court would be notified and can withdraw the reference at that time.

### ###END OF REPORT AND RECOMMENDATION###