Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

COUNSEL FOR SCOTT M. SEIDEL, TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: § § § § § § § | | Case No. 22-31641-mvl-7 (Chapter 7) |
| GOODMAN NETWORKS, INC., | | |
| Debtor. | | |
| SCOTT M. SEIDEL, TRUSTEE; and GNET ATC, LLC, Plaintiffs, v. 18920 NW 11th, LLC; JAMES GOODMAN; STEVEN ZAKHARYAYEV; EVELINA PINKHASOVA; PEOPLE NQ INC.; JJC & PEOPLE LLC; GDMN FAMILY and INVESTMENTS 2, LLC, Defendants. | § § § § § § § § § § § § § § § § | ADVERSARY PROCEEDING NO: 23-03072-mvl |

## TRUSTEE'S MOTION FOR LEAVE TO AMEND COMPLAINT

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

COMES NOW Scott M. Seidel, Trustee (the "Trustee"), the trustee of Goodman Networks, Inc. (the "Debtor"), the debtor in the above styled and numbered chapter 7 bankruptcy case (the "Bankruptcy Case"), and, together with GNET ATC, LLC ("GNET ATC"), file this *Trustee's Motion to Amend Complaint* (the "Motion"), respectfully stating as follows:

## I. RELIEF REQUESTED

1. By this Motion, the Trustee, on behalf of the plaintiffs, requests leave to file his proposed *Trustee's Second Amended Complaint*, attached hereto as Exhibit "A" (the "Amended Complaint"), based on recent developments and facts learned through discovery. The Amended Complaint generally:

(i) removes a fiduciary duty claim against James Goodman ("Goodman");

(ii) adds a claim against Goodman as the subsequent transferee of $10 million;

(iii) adds a fraud claim against Steven Zakharyayev ("Zakharyayev"); and

(iv) adds a subsequent transferee claim against NewCo DE 22, Inc. ("NewCo").

## II. BACKGROUND

2. The Trustee initiated this Adversary Proceeding on August 5, 2023, with the filing of his *Original Complaint* (the "Complaint"), complaining of 18920 NW 11th, LLC ("18920"), Goodman, James Frinzi ("Frinzi"), Steven Zakharyayev ("Zakharyayev"), Evelina Pinkhasova ("Pinkhasova"), People NQ Inc. ("People NQ"), JJC & People LLC ("JJC"), and GDMN Family Investments 2, LLC ("GDMN," with People and JJC, the "Goodman Entities.")

3. The background facts of this Adversary Proceeding are not complicated. The Goodman Entities owned millions of the Debtor's Series A-1 Preferred Shares (the "Transaction Shares"). Goodman, in control of the Goodman Entities, wanted to monetize the Transaction Shares, believing that they held a mandatory redemption right. Goodman then got Frinzi, the former Chief Executive Order, to reach out to Zakharyayev to "purchase" the Transaction Shares from the Goodman Entities. What followed was a transaction whereby the Debtor and GNET paid $13,474,075 to 18920 to redeem the Transaction Shares, although this was effectuated through a series of intermediate agreements, which the Trustee believes to have been fraudulent. In addition, the Debtor transferred other non-cash assets to 18920.

4. In the end, therefore, it was the Debtor and GENT who funded the transaction. But there was no mandatory redemption right, and Frinzi grossly breached his fiduciary duties by doing no due diligence regarding that alleged right. And, given that the Debtor was insolvent, the Transaction Shares could not have had any value. This was a textbook constructively fraudulent transfer. Frinzi caused the Debtor and GNET to pay substantial funds and transfer other assets to 18920 based on a non-existing right or value. Of these transfers, 18920 kept approximately $3.5 million for itself, and transferred $10 million to the Goodman Entities. Or so this was originally believed to be the case.

5. The Trustee sued 18920 for fraudulent transfers, and the Goodman Entities as subsequent transferees. The Trustee sued Frinzi for breach of fiduciary duty, and Goodman and Zakharyayev for knowing participation in those breaches of fiduciary duty. The Trustee also sued Pinkhasova for fraud. This was pursuant to the Trustee's first amended complaint, filed on February 20, 2024.

6. Subsequently, the Trustee entered into a Court-approved settlement agreement with Frinzi, pursuant to which Frinzi was dismissed from this Adversary Proceeding.

7. On September 13, 2024, the Trustee deposed 18920, Zakharyayev, and Pinkhasova. Among other things, at that deposition it was learned that:

(i) Zakharyayev, together with Shalom Auerbach, created NewCo, into which they transferred approximately $2.8 million of the funds originally received by 18920, and that 18920 no longer has any funds or assets;

(ii) NewCo used those funds to purchase illiquid investments;

(iii) NewCo provided no reasonably equivalent value to 18920 for those funds; and

(iv) Pinkhasova knew nothing about nothing and that, instead, Zakharyayev had signed her name to each communication and document that the Trustee has alleged is

fraudulent, pursuant to blanket agency she gave Zakharyayev (Zakharyayev and Pinkhasova being spouses).

8. Later in the Fall, it was also learned that the $10 million transferred to the Goodman Entities was actually transferred to Goodman, individually. The Trustee does not know where the money then went, or whether the funds were transferred to Goodman for his own account or for the account of the Goodman Entities. The Trustee has filed a motion to compel Goodman and the Goodman Entities on these and other discovery issues, which motion has yet to be heard.

9. The Court's current Scheduling Order provides a deadline of January 31, 2025 for a party to move to add a new party to this Adversary Proceeding [Docket No. 92]. Therefore, this Motion is timely.

### III.    DISCUSSION

10. Rule 15 provides for leave to amend a complaint, and provides that "[t]he court should freely give [leave] when justice so requires." FED. R. CIV. P. 15(a)(2). The Court must "possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). The Fifth Circuit has outlined five "considerations" guiding the Rule 15 inquiry: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Id*.

11. There has been no undue delay. The Trustee only learned of NewCo and Zakharyayev signing his wife's name in September, 2024. The Trustee then waited for the period to expire during which the deponents could amend their deposition testimony. Thereafter, the delay in filing this Motion was due solely to the agreement between the Trustee and the 18920 defendants to mediate, which occurred on January 8, 2025. Likewise with respect to learning that the $10 million went to Goodman, which the Trustee learned through discovery in the Fall of 2024.

Given that mediation with Goodman was set for January 29, 2025, the Trustee again decided to wait for that mediation before filing this Motion. These minimal delays were reasonable and geared towards facilitating mediation. In no event can any defendant argue prejudice.

12. There is no bad faith or dilatory motive. The Amended Complaint is the result of facts learned in discovery, which is one of the points of discovery. In other words, the process has worked. Nor can this Motion be late, as the Court's Scheduling Order expressly permits the filing of this Motion by the date on which it is filed.

13. There is no repeated failure to cure deficiencies by previous amendments. Again, these facts were only learned of reasonably. The Trustee could not have sought to bring them to the Court's attention before, during any prior amendment, as he simply did not know these new facts.

14. There is no prejudice to any defendant. They knew the facts all along. And, discovery is still open, should they need any additional discovery to defend against the new claims.

15. Finally, the new claims in the Amended Complaint are not futile. NewCo received $2.8 million of the original transfer to 18920, based on a non-existing redemption right, for no consideration. That is a viable subsequent transferee claim under section 550 and TUFTA. There is no defense, either based on good faith (as Zakharyayev's knowledge is imputed to NewCo) or based on value being given.

16. Likewise with respect to the $10 million to Goodman; there is no question that he is a subsequent transferee. Even if one assumes good faith (*i.e.* that he did not know that the money was coming from the Debtor, as he has testified is the case), he gave no return value for the transfer. This is because he himself gave nothing and, if the question is what the Goodman Entities gave, they too gave nothing since there was no redemption right and since the stock of the insolvent Debtor could not have had any value. It may be that the Trustee cannot recover against both

Goodman and the Goodman Entities for the $10 million, but not enough is known yet as to why Goodman received these funds when they were payable to the Goodman Entities, and in what capacity he received them. It is also possible that the one was a subsequent transferee of the other. Additional discovery will clarify these issues (again, Goodman has refused the Trustee's lawful discovery on these issues) and if and when it comes time to decide who received the funds, that time has not yet come. The Trustee is allowed to plead in the alternative at this stage.

17. Similarly, with respect to Zakharyayev signing his wife's name to communications and documents that the Trustee has alleged are fraudulent, it may be that the Trustee will not be able to secure a judgment against both of them. But one or both of them did make the communications and sign the documents. Someone made the allegedly fraudulent representations. At this stage, there is the danger that, if the Trustee does not sue both of them, then each will argue that it was the other who made the communication or signed the document. It may also be that both are liable. Usually, the law of agency is that a principal is not necessarily liable for a fraudulent communication of her agent. But that need not be the case where the principal has granted agency to make a fraudulent communication or has ratified the communication. At this stage, there is a viable claim against both Zakharyayev, for making the communications and signing the documents in his wife's name, and against Pinkhasova for letting him do so.

## IV.  **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter an order: granting this Motion, granting him leave to file the Amended Complaint, and for such other and further relief as may be appropriate.

RESPECTFULLY SUBMITTED this 31st day of January, 2025.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Thomas D. Berghman, Esq.
    Texas Bar No. 24082683
    3800 Ross Tower
    500 N. Akard Street
    Dallas, Texas 75201-6659
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584
    Email: drukavina@munsch.com

**COUNSEL FOR SCOTT SEIDEL, CHAPTER 7 TRUSTEE**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he discussed the relief requested herein with counsel for all defendants, including Mr. Pulman and Mr. Cancienne, but that no agreement has been reached.

By: /s/ Davor Rukavina
    Davor Rukavina, Esq.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 31st day of January, 2025, true and correct copies of this Motion, with the exhibits thereto, were electronically served by the Court's ECF system on all parties entitled to notice thereof, including on counsel for each of the Defendants, and on counsel for NewCo.

By: /s/ Davor Rukavina
    Davor Rukavina, Esq.